[No. 57401-4. En Banc. May 28, 1992.]

ELAINE J. BRYANT, ET AL, *Plaintiffs*, V. JOSEPH TREE, INC., ET AL, *Petitioners*, MORRIS H. ROSENBERG, ET AL, *Respondents*.

212

*Eugene N. Bolin, Jr.,* for petitioners.

*Malcolm L. Edwards, Howard M. Goodfriend, Catherine W. Smith,* and *Edwards, Sieh, Wiggins & Hathaway, P.S.,* for respondents Rosenberg and Koch.

*Stephen J. Sirianni* and *Sirianni & Youtz,* for respondent Sellers.

*Gary N. Bloom, Bryan P. Harnetiaux,* and *Daniel E. Huntington* on behalf of Washington State Trial Lawyers Association, amicus curiae for respondents.

JOHNSON, J. — This case requires review of two instances of Civil Rule 11 (CR 11) attorney sanctions. The trial court imposed CR 11 sanctions against the three respondent attorneys: Marilyn Sellers, Morris Rosenberg and Stuart Koch. The Court of Appeals reversed these sanctions and imposed CR 11 sanctions on the petitioners' attorney, Eugene Bolin, Jr. The petitioners, Joseph Tree, Inc., et al. (Joseph Tree), seek review of both of these determinations. We affirm the Court of Appeals reversal of the sanctions imposed against the three respondents. We also affirm the Court of Appeals imposition of sanctions on Bolin.

In July 1985, Elaine Bryant filed a dissolution petition against her husband of 30 years, Fred Bryant. Mrs. Bryant obtained a restraining order preventing her husband from transferring community assets.

The Bryants later reconciled, but then separated again. Elaine Bryant commenced a new legal separation action. Marilyn Sellers acted as Mrs. Bryant's attorney. Sellers served Fred Bryant with interrogatories in order to discover the extent of the Bryants' marital community holdings. Fred Bryant refused to answer these interrogatories, citing religious reasons for his refusal.

Mrs. Bryant and Sellers then began reviewing financial statements and researching public records in an effort to determine the extent of the Bryants' assets. They discovered evidence that Fred Bryant had made numerous transfers of community real property to the various petitioners for little or no consideration. Some of these transfers were made while the restraining order was in effect. The petitioners include various corporations in which Fred Bryant has an interest; Gerald Bopp, who was Fred Bryant's attorney; corporations in which Bopp had a substantial interest or involvement; the Bryants' daughter Wendy; an irrevocable trust of which Wendy Bryant is trustee; and various business associates and church members.

Sellers and Mrs. Bryant presented this information to the family law court commissioner. They obtained an order from the commissioner authorizing Mrs. Bryant to commence an

action against the parties to whom Fred Bryant allegedly transferred the marital community assets.

Sellers obtained the aid of Morris Rosenberg, another lawyer in her firm, and associated Stuart Koch. The three attorneys signed and filed a complaint on behalf of both Mrs. Bryant and the Bryants' marital community. In this complaint, they sought to invalidate the transfers of property made to the petitioners by Fred Bryant. Mrs. Bryant also signed the complaint.

The petitioners presented a motion for a more definite statement in response to this complaint. A superior court judge granted their motion, ordering that Mrs. Bryant and her attorneys identify the transferred assets, designate the county in which the property was located, and provide the approximate date of each transfer.

Mrs. Bryant's attorneys then filed an amended complaint. The petitioners moved to dismiss the amended complaint, asserting that Mrs. Bryant and her attorneys had not complied with the order for a more definite statement. A second superior court judge, Judge Huggins, heard this motion and dismissed the amended complaint without prejudice.

The petitioners then moved for sanctions against Mrs. Bryant and her three attorneys, alleging they had all violated CR 11 in signing and filing the original and amended complaints. This motion came before a third superior court judge, Judge Pechman (hereinafter the trial court). The parties argued this motion in three separate hearings at which no testimony was taken. The respondents submitted a memorandum and Elaine Bryant's affidavit in opposition to the motion for sanctions. In addition, the three attorneys each submitted declarations. The trial court found that Sellers, Koch and Rosenberg had violated CR 11, but that Mrs. Bryant had not.

The court also found that:

The drafting of the complaints, as well as the supporting data supplied by [Elaine Bryant's] Attorneys, was insufficient for the Court to make any determination as to the underlying merits of the cause of action.

Clerk's Papers, at 677. The petitioners submitted a fee request for almost $90,000 in connection with the two motions and the sanctions request. The trial court awarded the petitioners $40,000 in sanctions against Mrs. Bryant's lawyers: $15,000 each against Rosenberg and Koch, and $10,000 against Sellers.

One month after the trial court entered its order imposing CR 11 sanctions, Elaine and Fred Bryant obtained a decree of legal separation. Elaine Bryant was awarded all of the marital community's remaining assets and Fred Bryant was awarded all of the community's liabilities. Eugene Bolin, Jr., represented Fred Bryant in this action.

Rosenberg and Koch retained attorney Malcolm Edwards and appealed the CR 11 sanctions to the Court of Appeals. The petitioners cross-appealed the trial court's determination that Elaine Bryant did not violate CR 11. As a result, Edwards also agreed to represent Elaine Bryant in the appeal. Each of the three clients consented in writing to this joint representation. Sellers retained separate counsel and joined in the appeal.

On the day Joseph Tree's respondents' brief was due in the Court of Appeals, Bolin filed on Joseph Tree's behalf a 2-volume motion for the "immediate disqualification of Malcolm Edwards and Edwards & Barbieri from further participation in the instant appeal". Bolin also requested that independent counsel be appointed for the marital community because the appeal would create "additional liability" for the marital community. Bolin alleged in his motion that a conflict of interest precluded Edwards' joint representation of Rosenberg, Koch, Mrs. Bryant and the marital community. According to Bolin, Rosenberg's and Koch's strategy on appeal was to blame Elaine Bryant for any deficiencies in their pleadings. Bolin asserted that "Rosenberg and Koch are now deliberately aiding [Joseph Tree]" in its argument that the trial court erred in not sanctioning Elaine Bryant.

The Court of Appeals commissioner found that Edwards had complied with RPC 1.7, the rule which addresses when

an attorney may or may not represent multiple clients in the same action. The commissioner also stated in his order:

It does not appear that a cross appeal has been filed by [Joseph Tree] relating to the marital community of Elaine J. Bryant and her husband. . . .

The commissioner denied without prejudice Bolin's motion to disqualify Edwards and his law firm, thus allowing Bolin to renew his motion upon filing Joseph Tree's cross appellants' brief. The commissioner denied the respondents' request for sanctions against Bolin for filing the motion. Bolin requested and was granted permission to remove any materials he deemed appropriate from the record relating to his motion to disqualify. Bolin removed several hundred pages of documents from the record. These documents made reference to an unrelated confidential settlement agreement between the Bryants and four attorneys who are unrelated to this action.

Bolin later filed a brief on Joseph Tree's behalf which contained a cross appeal against Mrs. Bryant, but not against the Bryants' marital community. In response, Rosenberg and Koch requested in their reply brief that the Court of Appeals award them all of their fees on appeal under CR 11. They specifically cited the motion to disqualify as meriting sanctions under CR 11. Reply Brief of Appellant, at 12.

The Court of Appeals reversed the CR 11 sanctions imposed against Sellers, Rosenberg and Koch. The court determined that the trial court erred in imposing CR 11 sanctions without a finding that the complaints lacked a factual and legal basis. After reviewing the record, the court determined the complaints did have both a factual and legal basis, and were thus not the proper subject of CR 11 sanctions. The court also affirmed the trial court's decision not to impose sanctions against Elaine Bryant.

In addition, the Court of Appeals imposed CR 11 sanctions against Bolin for filing the motion to disqualify Edwards and

his law firm. The court determined that the motion lacked a factual and legal basis, especially due to the fact that Bolin never filed a cross appeal against the marital community. The court awarded Rosenberg and Koch $2,980.70 in attorneys fees in connection with the motion to disqualify. The Court of Appeals denied Bolin's motion for reconsideration.

The petitioners seek review of the Court of Appeals reversal of sanctions against the respondents and the court's imposition of sanctions against Bolin.

CR 11 provides, in part, that:

> Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by at least one attorney of record in the attorney's individual name, whose address and Washington State Bar Association membership number shall be stated. A party who is not represented by an attorney shall sign and date the party's pleading, motion, or legal memorandum and state the party's address. . . . The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum; that to the best of the party's or attorney's knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

CR 11 addresses two types of problems relating to pleadings, motions and legal memoranda: filings which are not "well grounded in fact and . . . warranted by . . . law" and filings interposed for "any improper purpose". At issue in this case is CR 11's not "well grounded in fact and . . . warranted by . . . law" provision.

We first analyze whether the Court of Appeals erred in reversing the trial court's imposition of sanctions against the respondents. The Court of Appeals applied the abuse of discretion standard in its review of this case. *See Bryant v. Joseph Tree, Inc.*, 57 Wn. App. 107, 115, 786 P.2d 829, 791 P.2d 537 (1990). The parties do not place the standard of review at issue.[1] We therefore assume, without deciding, that the proper standard of review is abuse of discretion.

The respondents signed and filed on their client's behalf a complaint and an amended complaint. CR 11 imposes requirements on attorneys who sign and file any "pleading, motion, or legal memorandum". A complaint is a "pleading". An attorney who signs and files a complaint must therefore comply with CR 11's requirements.

The petitioners first argue that the Court of Appeals erred in determining that a complaint may not be the subject of CR 11 sanctions without a finding that the complaint lacked a factual or legal basis. The petitioners maintain that CR 11 sanctions may be imposed against an attorney[2] regardless of whether or not the attorney's complaint has a factual and legal basis. The text of CR 11 does not explicitly require a finding that a pleading lack a factual or legal basis before the court may impose CR 11 sanctions. We must therefore look to the purpose behind CR 11 to determine if such a finding is required.

█ The present CR 11 was modeled after and is substantially similar to the present Federal Rule of Civil Procedure 11 (Rule 11). *See Miller v. Badgley*, 51 Wn. App. 285, 299, 753 P.2d 530, *review denied*, 111 Wn.2d 1007 (1988). We may thus look to federal decisions interpreting Rule 11 for

---

[1] The amicus curiae, the Washington State Trial Lawyers Association (WSTLA), argues that a court's *denial* of CR 11 sanctions should receive abuse of discretion review, but that the *imposition* of sanctions should receive de novo review. As this argument is raised only by the amicus curiae, we do not address it. *See Coburn v. Seda*, 101 Wn.2d 270, 279, 677 P.2d 173 (1984).

[2] The petitioners have not sought review of the determination that Elaine Bryant did not violate CR 11. As such, they have not placed at issue the requirements CR 11 imposes on *parties* to an action.

guidance in construing CR 11. *In re Lasky*, 54 Wn. App. 841, 851, 776 P.2d 695 (1989); *see also American Discount Corp. v. Saratoga West, Inc.*, 81 Wn.2d 34, 37, 499 P.2d 869 (1972) (construing CR 24 in light of Fed. R. Civ. P. 24).

■ The purpose behind CR 11 is to deter *baseless* filings and to curb abuses of the judicial system. *See Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, ___ U.S. ___, 112 L. Ed. 2d 1140, 1160, 111 S. Ct. 922 (1991). Both the federal rule and CR 11 were designed to reduce "delaying tactics, procedural harassment, and mounting legal costs." 3A L. Orland, Wash. Prac., *Rules Practice* § 5141 (3d ed. Supp. 1991). CR 11 requires attorneys to "stop, think and investigate more carefully before serving and filing papers." *See* Fed. R. Civ. P. 11 advisory committee note, 97 F.R.D. 165, 192 (1983). "[R]ule 11 has raised the consciousness of lawyers to the need for a careful prefiling investigation of the facts and inquiry into the law." Commentary, *Rule 11 Revisited*, 101 Harv. L. Rev. 1013, 1014 (1988).

However, the rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. Fed. R. Civ. P. 11 advisory committee note, 97 F.R.D. at 199. The Ninth Circuit has observed that:

> Were vigorous advocacy to be chilled by the excessive use of sanctions, wrongs would go uncompensated. Attorneys, because of fear of sanctions, might turn down cases on behalf of individuals seeking to have the courts recognize new rights. They might also refuse to represent persons whose rights have been violated but whose claims are not likely to produce large damage awards. This is because attorneys would have to figure into their costs of doing business the risk of unjustified awards of sanctions.

*Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363-64 (9th Cir. 1990). Our interpretation of CR 11 thus requires consideration of both CR 11's purpose of deterring baseless claims as well as the potential chilling effect CR 11 may have on those seeking to advance meritorious claims.

■■ Complaints which *are* "grounded in fact" and "warranted by existing law or a good faith argument for the

extension, modification, or reversal of existing law" are not "baseless" claims, and are therefore not the proper subject of CR 11 sanctions. The purpose behind the rule is to deter baseless filings, not filings which may have merit. The Court of Appeals therefore correctly determined that a complaint must lack a factual or legal basis before it can become the proper subject of CR 11 sanctions.

If a complaint lacks a factual or legal basis, the court cannot impose CR 11 sanctions unless it also finds that the attorney who signed and filed the complaint failed to conduct a *reasonable inquiry* into the factual and legal basis of the claim. *See Townsend*, at 1362 (a filing may be subject to Rule 11 sanctions where it is *both* baseless *and* made without a reasonable and competent inquiry). The fact that a complaint does not prevail on its merits is by no means dispositive of the question of CR 11 sanctions. CR 11 is not a mechanism for providing attorneys fees to a prevailing party where such fees would otherwise be unavailable. *John Doe v. Spokane & Inland Empire Blood Bank*, 55 Wn. App. 106, 111, 780 P.2d 853 (1989).

■ ■ The reasonableness of an attorney's inquiry is evaluated by an objective standard. *Miller*, 51 Wn. App. at 299-300. CR 11 imposes a standard of "reasonableness under the circumstances". Fed. R. Civ. P. 11 advisory committee note, 97 F.R.D. at 198; *see also Miller*, at 301. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion or legal memorandum was submitted. *See* Fed. R. Civ. P. 11 advisory committee note, 97 F.R.D. at 199. The court should inquire whether a reasonable attorney in like circumstances could believe his or her actions to be factually and legally justified. *Spokane & Inland Empire Blood Bank*, at 111 (quoting *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987)). In making this determination, the court may consider such factors as:

> the time that was available to the signer, the extent of the attorney's reliance upon the client for factual support, whether

a signing attorney accepted a case from another member of the bar or forwarding attorney, the complexity of the factual and legal issues, and the need for discovery to develop factual circumstances underlying a claim.

*Miller,* at 301-02 (citing *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 875-76 (5th Cir. 1988)); *see also* Fed. R. Civ. P. 11 advisory committee note, 97 F.R.D. at 199. However, an attorney who accepts a case from another member of the bar must acquire knowledge of facts sufficient to enable him or her to certify that the complaint is well grounded in fact. *Unioil, Inc. v. E.F. Hutton & Co.,* 809 F.2d 548, 558 (9th Cir. 1986).

The Court of Appeals in this case determined that the complaints did not lack a factual or legal basis, and thus were not the proper subject of CR 11 sanctions. The court noted that Elaine Bryant's affidavit, in particular, provided the factual basis for the allegations that the petitioners received property from Fred Bryant which belonged to the marital community. The court determined that the complaints had legal merit since they asserted an equitable claim for restitution of the properties and a claim that Joseph Tree held these properties in a constructive trust for the benefit of the marital community.

The petitioners have not assigned error to the Court of Appeals determination that the complaints had both a factual and a legal basis. The petitioners instead maintain that Elaine Bryant's affidavit and the declarations of her three attorneys should not have been considered by the court for providing the factual basis behind the complaints. They argue that the court should not allow an attorney to supplement the factual record at a CR 11 hearing. Instead, they argue that a court should determine from the complaint alone whether an adequate factual basis existed for the filing. The petitioners rely on *Rodgers v. Lincoln Towing Serv., Inc.,* 771 F.2d 194 (7th Cir. 1985) for this proposition. In *Rodgers,* the Seventh Circuit held that a court need not allow an attorney to supplement the factual record in a Rule 11 proceeding where the attorney's complaint lacked a

legal basis under *any* set of facts. This case is distinguishable from *Rodgers.* Unlike the plaintiff in *Rodgers,* Elaine Bryant and her attorneys did have a *legal* basis for their complaints.

Moreover, Washington's notice pleading rule does not require parties to state all of the facts supporting their claims in their initial complaint. CR 8(a) provides that: "A pleading which sets forth a claim for relief . . . shall contain . . . *a short and plain statement of the claim* showing that the pleader is entitled to relief . . .". (Italics ours.) The notice pleading rule contemplates that discovery will provide parties with the opportunity to learn more detailed information about the nature of a complaint. A court should thus be reluctant to impose sanctions for factual errors or deficiencies in a complaint before there has been an opportunity for discovery. *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1508 (9th Cir. 1987) (citing *Greenberg v. Sala,* 822 F.2d 882, 885 (9th Cir. 1987)).

■ The petitioners next assert that the Court of Appeals erred when it reviewed the record to determine whether the complaints had a factual and legal basis rather than remanding the matter for the trial court's determination. The trial court in this case failed to enter any finding regarding whether or not the complaints lacked a factual or legal basis. Because of this, the appellate court could not exercise any degree of deference to a trial court's finding, as no such finding even existed. In such situations, instead of remanding a matter to the trial court for a factual finding, an appellate court may independently review evidence consisting of written documents and make the required findings. *See Lobdell v. Sugar 'N Spice, Inc.,* 33 Wn. App. 881, 887, 658 P.2d 1267, *review denied,* 99 Wn.2d 1016 (1983). The trial court in this case did not hear testimony, only argument from counsel. The documents in the record therefore provide the only evidence regarding whether the complaints had a factual and legal basis. The trial court was thus in no better position to evaluate the evidence than the appellate court. We conclude the Court of Appeals did not

err in reviewing the documents in the record in order to determine if the complaints had a factual and legal basis.

■ We affirm the Court of Appeals reversal of the CR 11 sanctions against the respondents. If the respondents violated a court rule, they violated CR 12(e), not CR 11. CR 12(e) requires attorneys to comply with a court's order for a more definite statement. Judge Huggins imposed the proper sanction under this rule when she dismissed the amended complaint without prejudice. *See* CR 12(e). CR 11 sanctions are not appropriate where other court rules more properly apply. *See Clipse v. State*, 61 Wn. App. 94, 808 P.2d 777 (1991) (misleading discovery disclosures may not be sanctioned under CR 11, but can be sanctioned under CR 26(g)'s provisions which govern discovery requests).

■ We now turn to the Court of Appeals imposition of CR 11 sanctions against Bolin, the petitioners' attorney. The first question is whether the Court of Appeals had the authority to impose sanctions pursuant to CR 11. CR 11 is a civil rule applicable to attorneys who sign and file pleadings in the *superior courts* of this state. RAP 18.7 provides, however, that: "Each paper filed pursuant to [the Rules of Appellate Procedure] should be dated and signed by an attorney or party as provided in CR 11 . . .". Under CR 11, an attorney's signature constitutes a "certificate" that "to the best of the . . . attorney's knowledge, information, and belief, formed after reasonable inquiry [the attorney's document] is well grounded in fact and is warranted by existing law . . .". Pursuant to RAP 18.7, CR 11's certification requirement therefore applies to proceedings in the appellate courts, as well as in the superior courts. *See Rhinehart v. Seattle Times, Inc.*, 59 Wn. App. 332, 342, 798 P.2d 1155 (1990).

The petitioners assert that the Court of Appeals erred in imposing CR 11 sanctions against Bolin because the court ruled without the benefit of having the entire record before it. Bolin has resubmitted the documents he removed from the record, and obtained an order sealing them. We have reviewed these documents and find that they do not support

the contention that the Court of Appeals erred when it sanctioned Bolin. The documents in the sealed record have no bearing on the question of whether Edwards' joint representation of Rosenberg, Koch and Elaine Bryant created a conflict of interest. Instead, the documents in the sealed record make reference to a confidential settlement agreement unrelated to the present proceeding.

The petitioners also maintain that the Court of Appeals erred in sanctioning Bolin because Rosenberg and Koch never brought a motion to modify the commissioner's denial of sanctions. The commissioner's order, however, can be construed as leaving the question of sanctions open until after Bolin filed a brief on Joseph Tree's behalf.

 Finally, Bolin argues that the Court of Appeals sanctioned him without affording him adequate due process rights. The federal advisory committee note to Rule 11 provides that CR 11 procedures "obviously must comport with due process requirements." Fed. R. Civ. P. 11 advisory committee note, 97 F.R.D. at 201. Due process requires notice and an opportunity to be heard before a governmental deprivation of a property interest. *Tom Growney Equip., Inc. v. Shelley Irrig. Dev., Inc.*, 834 F.2d 833, 835 (9th Cir. 1987) (citing *Boddie v. Connecticut*, 401 U.S. 371, 379, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971)). A party seeking CR 11 sanctions should therefore give notice to the court and the offending party promptly upon discovering a basis for doing so. Fed. R. Civ. P. 11 advisory committee note, 97 F.R.D. at 200. Rosenberg and Koch requested in their appellants' reply brief that CR 11 sanctions be imposed against Bolin. They specifically cited Bolin's motion to disqualify Edwards and his law firm as meriting the imposition of CR 11 sanctions. The respondents therefore provided Bolin with notice prior to oral argument that they were seeking CR 11 sanctions. At oral argument, Bolin had the opportunity to be heard on this issue. Bolin's due process rights were therefore not violated. We affirm the Court of Appeals imposition of sanctions against Bolin.

 The Court of Appeals imposed monetary sanctions against Bolin in the amount of $2,980.70. We note that in fashioning an appropriate sanction, "the least severe sanctions adequate to serve the purpose should be imposed." Schwarzer, *Sanctions Under the New Federal Rule 11 — A Closer Look*, 104 F.R.D. 181, 201 (1985). Bolin has not assigned error to the monetary amount imposed by the Court of Appeals.

The respondents, however, seek review as to the amount of these sanctions. They contend they should have been awarded *all* of their attorneys fees incurred before the Court of Appeals. They argue that the petitioners violated CR 11 and RCW 4.84.185 by presenting a meritless defense of the sanctions originally imposed by the trial court. The Court of Appeals correctly denied the respondents' request, as the proceeding before that court involved unsettled questions regarding CR 11's interpretation. The respondents' request for the fees and costs incurred in *this* proceeding is denied for the same reason.

The respondents also request that the court sanction Bolin under RAP 18.9 for a misuse of the Rules of Appellate Procedure. They assert that Bolin misused the rules when he withdrew hundreds of pages from the record and then reinserted these pages for this court's review of the case. The respondents' request is denied because Bolin removed these documents pursuant to permission granted by the Court of Appeals commissioner.

DORE, C.J., and UTTER, DOLLIVER, SMITH, and GUY, JJ., concur.

ANDERSEN, J. (concurring in part, dissenting in part) — This is the first opportunity this court has had to construe the sanctions provision of CR 11. As the case before us amply demonstrates, this court's guidance regarding the proper interpretation and application of the rule is sorely

needed by practitioners, trial judges and appellate courts alike. Unfortunately, to my view, the majority opinion does not adequately provide the necessary guidance, hence this separate opinion.

In his treatise on the subject, Gregory Joseph astutely describes the sanctions quandary:

> Sanctions are a sensitive subject. Lawyers are both proponents and victims. Judges are both umpires and advocates. Parties are perpetrators, conspirators and innocent bystanders. Standards are uncertain, but if a violation is found, sanctions can be mandatory. All the players are in place, but their roles are not altogether familiar. The rules are uncertain, and all but the judge are at risk.
>
> On the subject of sanctions the bench and bar are decidedly ambivalent. It is a rare trial lawyer who considers himself outrageous in his litigation practices. But he sees other lawyers, especially opponents, often behaving outrageously. That they should suffer for their misbehavior is more than fair — it can be turned into a litigation advantage.
>
> Uncertain standards and uneven enforcement, however, give everyone reason to pause. The lawyer aggrieved on one occasion may be the target next time. The line separating zeal from rashness is not always bright. Even under objective tests, sanctions decisions often rest on largely subjective judicial assessments, including assessments of the merits before the merits have been litigated and of tactical decisions after tactics have misfired. Not infrequently, it is only after the fact that behavior seems so plainly misbehavior.

(Footnote omitted.) G. Joseph, *Sanctions: The Federal Law of Litigation Abuse* 1 (1989).

The majority here sought to address some of the problems so aptly described by Mr. Joseph and I agree with most of the legal principles set forth in the majority opinion. However, and again this is my own view, the majority adds to the confusion on the subject by not applying the very principles it enunciates. I would seek to clarify the law to the extent possible, and would hold as follows:

First, the majority opinion correctly declares CR 11 to be an extraordinary remedy and that its "sanctions are not appropriate where other court rules more properly apply." Majority opinion, at 223. For that reason, I would hold that the sanctions imposed against these attorneys in both the

Superior Court and the Court of Appeals were inappropriate. In the case of attorneys Sellers, Koch and Rosenberg, CR 12(e) (allowing for dismissal of the complaint in this case) is the more specific, more appropriate rule. In the case of attorney Bolin, RAP 18.9(a) (providing for sanctions on appeal) is the more specific, more appropriate rule. I also would hold that the sanctions section of CR 11 is not made a part of the appellate court rules by the reference to the rule contained in RAP 18.7. The factual hearing required before CR 11 sanctions may be imposed makes application of the rule cumbersome in the appellate courts. RAP 18.9(a) is better tailored to the function of appellate courts, essentially serves the same purpose as CR 11 and could have been considered for application in this case.

Second, I would establish and apply a standard of review for CR 11 cases. The majority opinion declines to enunciate a standard of review. See majority opinion, at 218. This leaves trial and appellate courts without the guidance they are entitled to have from this court. To my view, the abuse of discretion standard is the standard of review that should be applied in CR 11 cases. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990) (establishing a deferential standard in construing the federal counterpart to CR 11); *In re Lasky*, 54 Wn. App. 841, 852, 776 P.2d 695 (1989); *Cooper v. Viking Ventures*, 53 Wn. App. 739, 742, 770 P.2d 659 (1989). Contrary to the majority opinion's analysis, this would mean that even where the trial court's decision rested on documentary, rather than testimonial, evidence the abuse of discretion standard would still apply. The standard should not change to de novo review because of the nature of the evidence presented to the trial court. While professing to apply the abuse of discretion standard, the majority reviews de novo both instances of sanctions in this case. With respect to attorney Bolin, the majority additionally considered evidence not before the sanctioning court, thus going beyond both the abuse of discretion and de novo standards.

Third, I believe that the certification mandated by the language of CR 11 means that the signer has read the document and has: (1) conducted a reasonable investigation into the facts that support the pleading, motion, or other paper; (2) has conducted a reasonable investigation into the law to determine that the document is supported by existing law or a good faith argument for extension, modification or reversal of existing law; and (3) has not filed the document for any improper purpose. *See* G. Joseph, at 610. I disagree with the majority's 2-prong test, because I believe the first prong (*i.e.*, whether the pleading, motion, or other paper is legally or factually baseless) cannot be determined without determining the second prong; that is, whether, considering all of the circumstances, the attorney's investigation was reasonable. I would thus hold that the issue to be decided by the trial court in a CR 11 case is whether the investigation of the facts and the law was, indeed, reasonable under the circumstances.

Fourth, I would make it clear that CR 11 is not a fee shifting statute. Where fees are to be sought as a sanction, I would hold that due process and case law require that such notice be provided in writing at the earliest opportunity; further, in such cases I would require mitigation on the part of the party requesting sanctions. *See Scott Fetzer Co. v. Weeks*, 114 Wn.2d 109, 122-23, 786 P.2d 265 (1990). In the present case, attorney Bolin was given limited opportunity to present oral argument in opposition to the request for sanctions. He was not given an opportunity to present evidence or written argument. I would hold that he was thus not provided a fair hearing. That being so, he was denied due process.

In sum, I concur in the result reached by the majority opinion with respect to attorneys Sellers, Koch and Rosenberg, because the appropriate sanction was dismissal of the complaint under CR 12(e). I dissent, however, from the approval of sanctions on appeal against attorney Bolin because: (1) I do not believe CR 11 sanctions should be available on appeal; (2) even if CR 11 sanctions were available,

the Court of Appeals did not apply the proper standard; and (3) the denial of an opportunity to have a factual hearing and to make written response to the request for sanctions in this case did not comport with the due process requirements of timely and adequate notice and hearing.

BRACHTENBACH and DURHAM, JJ., concur with ANDERSEN, J.

Reconsideration denied July 1, 1992.