# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CITY OF SEATTLE, a Washington municipal corporation,

    Appellant/Cross-Respondent,

v.

JAMES EGAN, an individual,

    Respondent/Cross-Appellant,

FISHER BROADCASTING-SEATTLE TV LLC, d/b/a KOMO 4,

    Intervenor.

No. 69420-1-I
(consolidated with No. 69723-4-I)

DIVISION ONE

UNPUBLISHED OPINION

FILED: February 18, 2014

GROSSE, J. — Sanctions under CR 11 are not warranted where an agency brings an action for declaratory and injunctive relief under the Public Records Act (PRA), chapter 42.56 RCW, in response to a requestor's threat to sue. Here, the city of Seattle (City) sought guidance on whether a provision of the Washington privacy act[1] is an "other statute" within the meaning of the PRA, thus permitting the City to deny the respondent's requests for Seattle Police Department "dash-cam" videos.[2] The trial court found that even though the privacy act applied and the City's suit was not frivolous, it was brought for an improper purpose because the City was already defending an action involving a similar violation of the PRA. This was an abuse of discretion. Accordingly, we vacate the award of attorney fees under CR 11.

---

[1] RCW 9.73.090(1)(a),(c).
[2] RCW 42.56.070(1).

## FACTS

On September 23, 2011, James Egan requested records from the Seattle Police Department's Office of Professional Accountability's (OPA) internal investigation regarding complaints that had been made against four police officers. The records requested included copies of 36 dash-cam videos reviewed in connection with the investigations of those complaints. The City provided Egan with some records but refused to release 35 of the 36 dash-cam videos, claiming those were exempt from disclosure under RCW 9.73.090(1)(c). RCW 9.73.090(1)(c) prohibits the City from providing videos to the public until final disposition of any criminal or civil litigation that arises from the event or events that were recorded.[3]

Egan disputed the application of that exemption and wrote a letter to Police Chief John Diaz requesting that the documents be produced or Egan would seek "statutory damages at the maximum level based on the Public Disclosure Act, which trumps the exceedingly broad, self-protective interpretation of RCW 9.73.090(1)(c) recently provided by your office."

After receiving that letter, the City filed a complaint for declaratory and injunctive relief seeking a declaratory judgment that RCW 9.73.090(1)(c) prohibited the City from releasing copies of the videos at this time. The City

---

[3] RCW 9.73.090(1)(c) provides:
> No sound or video recording made under this subsection (1)(c) may be duplicated and made available to the public by a law enforcement agency subject to this section until final disposition of any criminal or civil litigation which arises from the event or events which were recorded. Such sound recordings shall not be divulged or used by any law enforcement agency for any commercial purpose.

2

further sought injunctive relief, under RCW 42.56.540, to enjoin the release of the dash-cam videos until final disposition of any criminal or civil litigation arising from the recorded events.

Fisher Broadcasting-Seattle TV LLC, d/b/a KOMO 4 (KOMO) moved to intervene in this matter because it had sued the City to compel disclosure of public records, including police dash-cam videos.[4] One of the issues in KOMO's litigation was whether a provision of the Washington privacy act[5] prohibiting such disclosure falls within the ambit of an "other statute" within the meaning of the PRA.[6] If so, the dash-cam videos would be exempt from disclosure.[7] On February 1, 2012, the trial court granted KOMO's CR 24(b)(2) motion to intervene. Because KOMO filed a summary judgment motion in its litigation with the City, Judge Dean Lum continued the City's motion until Judge Jim Rogers had an opportunity to rule on the matter.

On the issue pertinent to this case, Judge Rogers ruled that RCW 9.73.090(1)(c) fits the "other statute" exemption to the PRA within the meaning of RCW 42.56.070, and prohibits disclosure of Seattle Police Department dash-cam videos to the public until at least three years after the date of the event recorded.[8]

---

[4] Fisher Broadcasting–Seattle TV LLC, d/b/a KOMO 4 v. City of Seattle and Seattle Police Department, King County No. 11-2-31920-2.SEA.
[5] RCW 9.73.090(1)(a),(c).
[6] RCW 42.56.070(1).
[7] Ch. 42.56 RCW.
[8] KOMO appealed this issue and others directly to the Supreme Court, which heard argument on May 14, 2013. Fisher Broadcasting-Seattle TV LLC, d/b/a KOMO 4 v. City of Seattle, No. 87271-6, argued before the Supreme Court on May 14, 2013.

In the case presently before us, Judge Lum found the City's position untenable, ruling that the KOMO case would resolve the central issue in the case against Egan and that the City's suit was improper "because it was unnecessary and was filed to obtain litigation advantage" in the KOMO case. The trial court concluded that the City had violated CR 11 by filing the declaratory judgment action and imposed fees of $14,676.25 against the City as a sanction under CR 11.

The City appeals the award of fees under CR 11, contending its action was properly brought. In a separate appeal, consolidated with the City's appeal, Egan contends the court improperly reduced the attorney fees he submitted.

## ANALYSIS

This court reviews a trial court's imposition of CR 11 sanctions for abuse of discretion.[9] A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds.[10] In deciding whether the trial court abused its discretion, this court must "keep in mind [t]hat the purpose behind CR 11 is to deter baseless filings and to curb abuses of the judicial system."[11] "CR 11 is not meant to act as a fee shifting mechanism, but rather as a deterrent to frivolous pleadings."[12] CR 11 addresses two types of problems: (1) filings that are not grounded in fact and warranted by law and (2) filings

---

[9] Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994); In re Recall of Lindquist, 172 Wn.2d 120, 141, 258 P.3d 9 (2011) (citing Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338, 858 P.2d 1054 (1993)).
[10] Lindquist, 172 Wn.2d at 141.
[11] Biggs, 124 Wn.2d at 197 (alteration in original) (quoting Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992)).
[12] MacDonald v. Korum Ford, 80 Wn. App. 877, 891, 912 P.2d 1052 (1996).

interposed for an improper purpose.[13] Washington courts recognize that CR 11

sanctions may have a "potential chilling effect."[14] Under CR 11 the court may

impose sanctions if pleadings are filed for an improper purpose or without a basis

in law or fact.[15]

CR 11 provides in pertinent part:

The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact; (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. . . . If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

The trial court dismissed the City's suit because it believed that the suit

was unnecessary and was brought for an improper purpose to gain a litigation

advantage. In his June 26, 2012 order, Judge Lum stated:

By requesting a preliminary injunction, the City was able to obtain an expedited hearing that would be heard in this Court prior to the summary judgment hearing scheduled with Judge Rogers.

---

[13] Bryant, 119 Wn.2d at 217 (quoting CR 11).
[14] Bryant, 119 Wn.2d at 219; see also Skimming v. Boxer, 119 Wn. App. 748, 755, 82 P.3d 707 (2004).
[15] Biggs, 124 Wn.2d at 201.

KOMO argued and the trial court agreed that the City's motive was to obtain a ruling on the pending issue with more advantageous facts than those that were before Judge Rogers. A party cannot be faulted for trying to gain a litigation advantage. Moreover, Judge Lum was not required to accept Judge Rogers' ruling. There is no evidence that this action was brought for an improper purpose. It was not brought to harass Egan or to cause unnecessary delay or needlessly increase the cost of litigation.[16] Nor was the City collaterally estopped from bringing this action as there was no privity of parties.

Egan threatened to sue the City for not releasing the dash-cam videos and the plain language of the PRA permits agencies to seek injunctive relief in such circumstances. RCW 42.56.540 provides:

> The examination of any specific public record **may be enjoined** if, upon motion and affidavit by an agency or its representative or a person who is named in the record or to whom the record specifically pertains, the superior court for the county in which the movant resides or in which the record is maintained, finds that such examination would clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions. An agency has the option of notifying persons named in the record or to whom a record specifically pertains, that release of a record has been requested. However, this option does not exist where the agency is required by law to provide such notice.[17]

Judge Lum adopted Judge Rogers' ruling that the privacy act was an "other statute" within the meaning of the PRA and thus precluded the release of the

---

[16] See Chambers v. NASCO, Inc., 501 U.S. 32, 46 n.10, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (person filing paper with the court warrants that it "'is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increases in the cost of litigation'") (quoting Federal Rule of Civil Procedure 11).

[17] (Emphasis added.)

dash-cam videos. Judge Lum was not required to defer to Judge Rogers' ruling and could have decided the issue differently. Here, the information sought was exempt from disclosure under the privacy act. The City is essentially penalized for winning its action.

Judge Lum also found the City's suit deficient because the City failed to comply with RCW 42.56.540. RCW 42.56.540 is a specific procedural statue that controls the generalized provisions contained in the Uniform Declaratory Judgment Act, chapter 7.24 RCW. RCW 42.56.540 requires a three part showing:

(1) A specific applicable PRA exemption exists;
(2) Nondisclosure would be in the public interest;
(3) Disclosure would substantially and irreparably damage a person or vital government interest.

The trial court noted that because of Judge Rogers' order, the City established the first and third prongs, but failed to address the second prong—that nondisclosure would be in the public interest. Because of that failure, the trial court concluded that the City's suit would have been dismissed on procedural grounds without ever reaching the issue of whether the privacy act provided a valid exemption to disclosure under the PRA. But the fact that a complaint "does not prevail on its merits is by no means dispositive of the question of CR 11 sanctions."[18] Moreover, the legislature enacted the bill to remove restrictions and requirements regarding the intercepting, recording, or divulging of private

---

[18] Bryant, 119 Wn.2d at 220.

7

communication by law enforcement. The public's right to privacy is paramount.[19]

The legislature permitted law enforcement to record in limited circumstances and then imposed criminal sanctions for violation of the restrictions imposed on the recordings. That necessarily involves the public's interest in nondisclosure.

We vacate the court's imposition of CR 11 sanctions. Because sanctions should not have been imposed, no attorney fees should have been awarded and we therefore need not address whether the amount of those attorney fees were appropriate.[20]

WE CONCUR:

---

[19] See Bainbridge Island Police Guild v. City of Puyallup, 172 Wn.2d 398, 420, 259 P.3d 190 (2011) (holding police officer's identity exempt from disclosure under the Criminal Records Privacy Act even though the remainder of the investigative records were subject to disclosure).

[20] CR 11. We deny the City's motion to take judicial notice that Egan filed a complaint under the PRA requesting these same documents in Miguel Oregon v. City of Seattle, King County No. 12-2-38162-3.SEA.