

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SETH BURRILL PRODUCTIONS, INC., a Washington corporation, | ) ) ) | No. 35572-1-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| REBEL CREEK TACKLE, INC., a Washington corporation, | ) ) ) ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Rebel Creek Tackle, Inc. appeals orders from the Spokane County Superior Court denying summary judgment and imposing CR 11 sanctions. We affirm the orders on review and award attorney fees and costs to Seth Burrill Productions, Inc.

BACKGROUND

Rebel Creek Tackle, Inc. (RCT) was formed to handle the business affairs of a fishing lure that came to be known as the "'Bud's Diver.'" *Seth Burrill* II, slip op. at 2.[1]

---

[1] Unless otherwise noted, background facts are drawn from this court's two prior decisions in this matter, *Seth Burrill Prods., Inc. v. Rebel Creek Tackle, Inc.*, No. 32119-3-III (Wash. Ct. App. July 7, 2015) (*Seth Burrill* I) (unpublished), https://www.courts.wa.gov/opinions/pdf/321193.unp.pdf, and *Seth Burrill Prods., Inc., v. Rebel Creek Tackle, Inc.*, No. 34401-1-III (Wash. Ct. App. Apr. 11, 2017) (*Seth Burrill* II) (unpublished), https://www.courts.wa.gov/opinions/pdf/344011_unp.pdf.

RCT licensed Seth Burrill Productions, Inc. (SBP) as "the exclusive producer and distributor of the lures, granting it 'full, unrestricted use of the injection molds,'" which were later sent to Plastic Injection Molds, Inc. (PIM), for production in Richland, Washington. *Seth Burrill* I, slip op. at 1-2.

The 2010 license agreement (Agreement) between RCT and SBP required SBP to sell 15,000 units within the first five years of the Agreement, and thereafter sell at least 3,000 units per year. The Agreement specified that if SBP did not meet these sales expectations, RCT could terminate the Agreement by written notice within 30 days of the five-year anniversary date, or, thereafter, by 30 days' notice.

Due to conflicts between the parties, RCT unilaterally terminated the Agreement in 2012 and started distributing the fishing lures produced by PIM. SBP brought a breach of contract action and, in May 2013, an arbitrator determined that RCT breached the Agreement and entered an award that reinstated the Agreement, with modifications, and provided damages. Some of the modifications to the Agreement included that (1) SBP was to have use of the injection molds, (2) RCT was to "'cooperate in the transfer and/or delivery of said molds as requested by [SBP],'" *Seth Burrill* I, slip op. at 2 (alteration in original), and (3) the expiration date for termination of the Agreement was extended from May 31, 2015, to May 31, 2016, such that the Agreement became a six-year contract

2

instead of a five-year contract. A month later, SBP successfully obtained an order confirming the arbitration award, pursuant to RCW 7.04A.220 and RCW 7.04A.250, in Spokane County Superior Court cause number 13-2-01982-0.

Shortly after prevailing in arbitration, SBP contacted PIM to get the injection molds transferred for the lures, but because the molds were RCT's property, PIM would not provide SBP the molds without permission. After unsuccessfully attempting to contact RCT, SBP contacted RCT's counsel who refused to agree to the transfer of the molds, told PIM to not give SBP the molds, and told SBP that he no longer represented RCT. After further unsuccessful attempts to contact RCT, SBP filed a motion for contempt in the superior court, which then determined RCT intentionally violated the court order confirming the arbitration award, and imposed remedial sanctions. RCT appealed, and this court found RCT's appeal was without any merit, affirmed the superior court's contempt finding, and awarded attorney fees and costs for the appeal to SBP.

Despite this court's ruling, SBP was unable to collect from RCT on its judgment, so SBP "offered to forgo a portion of the judgment amount and release other claims against [RCT] in exchange for partial payment of the judgment and assignment of the molds," and the patent assets. *Seth Burrill* II, slip op. at 3. SBP also wanted to engage in discovery of RCT's assets. Ultimately, RCT expressed no desire to accept SBP's offer,

3

which led to SBP's motion "for an order authorizing supplemental proceedings to determine the extent of [RCT's] nonexempt property available to satisfy the judgment." *Id.* Later on, when SBP served RCT with written discovery requests authorized by the superior court, RCT's answers provided that "it did not have a current bank account, an insurance policy, a corporate minute book, or financial statements and had not filed income tax returns or made a profit between 2010 and 2013." *Id.* at 4. RCT claimed that the only assets it owned were the fishing lure molds, its patent assets, its Agreement with SBP, and an application for rights outside of the United States.

Due to SBP's concerns about ever collecting on its judgment, in the spring of 2016, SBP filed a motion in superior court "to appoint a general receiver for [RCT] and order [RCT] to assign the patent and molds to the receiver." *Id.* at 5. The superior court granted SBP's motion for a receivership. RCT immediately filed a notice of appeal and moved in the superior court for a stay of the receivership. RCT then paid a large cash sum into the registry of the superior court and filed a notice of supersedeas, but the superior court denied RCT's motion for stay.

RCT moved for discretionary review of the order denying a stay of the receivership. It also filed a motion for stay in this court. Appellate review commenced after our commissioner ruled that the receivership order was appealable as a matter of

right. The commissioner also stayed the receivership during the pendency of the appeal.

While this matter was on appeal, RCT's counsel prepared a motion for declaratory judgment of termination of the Agreement, dated June 1, 2016. The motion bears no case number, but it is captioned as a pleading for the Court of Appeals.[2] The body of the motion states it has been "filed in both the Court of Appeals and in the Spokane County Superior Court." Clerk's Papers at 73. This representation is misleading. The motion was filed with this court as part of the then-pending appeal. However, it was not directly filed with the superior court. Instead, the motion was merely e-mailed to the superior court. *Id*. at 79-80. A copy of the motion only made its way into the superior court file as part of the appellate record from the prior appeal.

The substance of RCT's declaratory judgment motion alleged that SBP had breached the Agreement by failing to sell 15,000 Bud's Diver units by June 1, 2016 (the date specified in the arbitration award). RCT's motion claimed it was noted for hearing on June 2, 2016. *Id*. at 73. The record on review does not show that such a hearing ever occurred.

---

[2] The top caption of the pleading reads, "IN THE COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON." Clerk's Papers at 73. The pleading is entitled "APPELLANT'S MOTION FOR DECLARATORY JUDGMENT OF TERMINATION OF LICENSE AGREEMENT AND FOR HEARING ON AN EMERGENCY BASIS ON JUNE 2, 2016." *Id*.

In a decision dated April 11, 2017, this court determined the superior court did not abuse its discretion in granting SBP's motion to appoint a receiver, affirmed the order appointing the receiver and the superior court's refusal to assess RCT's post-judgment claim to setoffs, and awarded SBP attorney fees and costs. A mandate was filed terminating review of the case on May 11, 2017.

Shortly after issuance of the mandate, the superior court entered orders terminating the receivership and disbursing the cash funds held in the court's registry. The court's orders resolved the parties' dispute regarding the initial arbitration award and contempt sanction. The court orders provided that SBP was to file a satisfaction of judgment with the superior court after receiving the disbursement. However, no satisfaction of judgment was filed.

On July 6, 2017, RCT filed a motion for summary judgment in the superior court. The motion purported to relate to the motion for declaratory judgment that had been filed with the Court of Appeals in June 2016. RCT's motion requested a declaration that the Agreement was terminated and that rights and access to Bud's Diver be returned to RCT. RCT's motion was not supported by any authenticated documents. Instead, RCT appended a series of unsworn exhibits to its memorandum of authorities in support of summary judgment.

6

After RCT filed for summary judgment, SBP contacted RCT's counsel requesting that RCT withdraw its motion as it was not grounded in fact or law, and SBP notified RCT that if it was not going to withdraw its motion, SBP would pursue CR 11 sanctions against RCT's counsel.

RCT declined to withdraw its motion for summary judgment, and SBP filed a memorandum opposing RCT's motion and a separate motion for CR 11 sanctions against RCT's counsel. In its response to SBP's opposition to summary judgment and motion for CR 11 sanctions, RCT argued its motion for declaratory judgment was proper since the original superior court case had not yet been dismissed. RCT also requested CR 11 sanctions against SBP.

The superior court denied RCT's motions for summary judgment and for CR 11 sanctions. The court granted SBP's motion for CR 11 sanctions. In its oral ruling, the superior court explained that the main issue with RCT's summary judgment motion was that there were no pleadings tied to RCT's claims. The court imposed $4,500 in CR 11 sanctions. Payment was to be made by counsel for RCT to counsel for SBP as recoupment for having to defend the summary judgment motion.

After the superior court made its ruling, RCT requested that it stay the case since the matter would proceed to arbitration. The superior court initially granted RCT's

7

request for a stay, but after reconsideration it denied RCT's request. In doing so, the superior court stated that it did not make a ruling as to whether the parties' dispute must go to arbitration and that the parties agreed that arbitration was an available option. The superior court further explained its CR 11 sanctions were also due to the frivolousness of RCT's countermotion for CR 11 sanctions against SBP.

Shortly after the superior court's ruling, RCT filed a claim for arbitration. An arbitration decision and award was entered on January 22, 2018, and filed in the superior court on May 9, 2018. The arbitration decision granted RCT its requested relief and ruled that the Agreement was terminated due to SBP's failure to meet sales target requirements. The arbitrator also awarded RCT payment for outstanding royalties in an amount that had already been offered by SBP prior to the arbitration. The arbitration decision concluded that RCT and SBP would share equally in the payment of arbitration fees and costs, and neither party would be awarded attorney fees or costs.

During the interim of the arbitration proceedings, RCT appealed the superior court's decision on RCT's motion for summary judgment and the CR 11 sanctions.

ANALYSIS

*Summary judgment and motion to stay*

RCT contends the superior court erred in denying its motion for summary judgment because SBP failed to sell the required units under the Agreement, which allowed for termination of the Agreement, and the superior court failed to consider and decide which forum was required to hear these issues. RCT further argues that when the superior court found the Agreement and termination issue should proceed to arbitration, the superior court abused its discretion in declining to stay the case.

RCT's challenge to the superior court's summary judgment ruling, ruling on arbitrability, and motion for stay have been rendered moot by the outcome of arbitration. Arbitration has taken place despite the denial of a stay and that forum has settled the issues of whether SBP breached the Agreement and owed RCT royalties. This court cannot provide further relief. Thus, the substantive issue of whether RCT should have prevailed on its summary judgment motion and motion to stay are not issues that require appellate resolution.

*CR 11 sanctions*

The purpose of CR 11 is to prevent baseless filings, filings made for improper purposes, and abuses of the judicial system. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d

448 (1994); *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 219, 829 P.2d 1099 (1992). If a party engages in such conduct, the court can impose an appropriate sanction. CR 11(a). A baseless filing is one not supported by the facts or existing law. *Bryant*, 119 Wn.2d at 219-20. In awarding sanctions for a baseless filing, the court must assess "whether a reasonable attorney in like circumstances could believe his or her actions to be factually and legally justified." *Id*. at 220. Because CR 11 sanctions have a potential chilling effect, a court should impose sanctions only when it is "patently clear that a claim has absolutely no chance of success." *Skimming v. Boxer*, 119 Wn. App. 748, 755, 82 P.3d 707 (2004).

A superior court's decision to impose CR 11 sanctions is reviewed for abuse of discretion. *Id*. at 754. This is a deferential standard. We will not reverse a superior court's CR 11 decision unless "its order is manifestly unreasonable or based on untenable grounds." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). An order meets this standard only if it falls outside the bounds of a decision a reasonable person could make. *State v. Castellanos*, 132 Wn.2d 94, 97, 935 P.2d 1353 (1997).

The superior court's CR 11 sanctions against counsel for RCT were justified for several reasons. First, as noted by the superior court, RCT lacked a proper basis for filing

a summary judgment motion because the motion was not tied to any existing legal claims.

SBP initiated the superior court case in order to confirm an arbitration decision and to

hold RCT in contempt for failing to abide by the decision. RCT's request for declaratory

relief was factually and legally unrelated to these issues. RCT may have had a justifiable

desire for a declaratory judgment, confirming termination of the Agreement. It may have

also been legally defensible to argue that the declaratory judgment was not subject to

arbitration. But these substantive issues are beside the point. To obtain relief, RCT

needed to initiate a new cause of action (which has since been done). It was not

appropriate to attempt to piggyback off of an unrelated, preexisting case.

Second, RCT's motion for summary judgment was not supported by properly

authenticated exhibits. CR 56(e); *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 141, 331 P.3d

40 (2014). Counsel for SBP repeatedly advised counsel for RCT of the problems with its

filings, but RCT simply ignored the issue.

Finally, RCT lacked a viable basis for requesting CR 11 sanctions against counsel

for SBP. When the superior court pressed counsel for RCT to explain its sanctions

motion, counsel for RCT simply stated that it was entitled to prevail on the merits of its

request to terminate the Agreement. This does not come close to meeting the criteria for

CR 11 sanctions. A party's pleadings are not subject to CR 11 sanctions simply because

11

they are unsuccessful.  Instead, as set forth above, CR 11 is aimed at preventing baseless filings that are not grounded in fact or law.  RCT failed to provide any explanation of how SBP's court filings (which were ultimately successful) failed to meet this standard.

Not only was the superior court justified in imposing CR 11 sanctions, the sanctions were also reasonable in scope.  SBP initially requested $13,000 in sanctions, based on the time incurred responding to RCT's motion.  But the superior court only imposed $4,500, explaining that it was a reasonable attorney fee recoupment.  This was an adequate exercise of discretion.

## ATTORNEY FEES AND COSTS

Both RCT and SBP request attorney fees on appeal pursuant to RAP 18.1 and RAP 18.9(a).  RAP 18.9(a) "permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action." *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hrgs. Bd.*, 170 Wn.2d 577, 578, 245 P.3d 764 (2010).  "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." *Id.*

12

No. 35572-1-III
*Seth Burrill Prods., Inc. v. Rebel Creek Tackle, Inc.*

We find RCT's appeal frivolous and, as a result, SBP is entitled to attorney fees as sanctions under RAP 18.9(a).[3] Counsel for RCT has inaccurately represented the manner in which it filed the motion for declaratory judgment, as set forth above. The declaratory motion was never properly filed as a superior court motion, requesting action by the superior court.[4] In addition, even if the declaratory judgment motion had been filed with the superior court, the motions for declaratory judgment and summary judgment would still have been improper as they were unrelated to any pending claims for relief in the superior court. RCT received fair warning of the deficiencies in its filings from both SBP and the superior court. Yet RCT persisted with this appeal and has never provided a tenable response to the procedural flaws outlined by SBP and the superior court. Instead, RCT's briefing is devoted to the issues of arbitrability and whether the parties' Agreement had been terminated—issues that were rendered moot by the arbitration

---

[3] It necessarily follows that RCT is not entitled to attorney fees or costs.

[4] The motion for declaratory judgment is not included in the record on review, except as an unsworn exhibit to RCT's motion for summary judgment. In response to SBP's claim that RCT's motion was never filed, RCT has merely cited a letter received from counsel for SBP, stating, "'In addition, your Motion for Declaratory Judgment of Termination of License Agreement, filed with the Spokane County Superior Court on June 1, 2016, . . . [.]'" Appellant's Reply Br. at 2 n.2. This citation to correspondence does not constitute proof of filing. This court has had to engage in an independent review of court records in order to discern whether and how the declaratory judgment motion was filed.

No. 35572-1-III
*Seth Burrill Prods., Inc. v. Rebel Creek Tackle, Inc.*

decision that was issued in RCT's favor prior to filing of RCT's opening brief.

CONCLUSION

The orders on appeal are affirmed. SBP shall be awarded reasonable attorney fees and costs on appeal, subject to its timely compliance with RAP 14.4 and RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

14