[No. 18253-3-III.   Division Three.   March 28, 2000.]

AARON C. ERMINE, *Respondent*, v. THE CITY OF SPOKANE, ET AL., *Appellants*.

---

116

*James C. Sloan, City Attorney,* and *Rocco N. Treppiedi* and *John A. Level, Assistants,* for appellants.

*Peter D. Poulson* of *Lacy & Kane, P.S.,* for respondent.

KURTZ, C.J. — Aaron Ermine filed this action against the City of Spokane and Officer Jeff Barrington seeking dam-

ages for injuries sustained in the course of an arrest. Rejecting all but one of Mr. Ermine's claims, the jury returned a verdict against Officer Barrington on Mr. Ermine's 42 U.S.C. § 1983 claim, but awarded no damages. The trial court subsequently awarded nominal damages of $1 and attorney fees under 42 U.S.C. § 1988. Relying on *Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992), and *Sintra, Inc. v. City of Seattle*, 131 Wn.2d 640, 935 P.2d 555 (1997), the City asserts the trial court abused its discretion by awarding attorney fees to a civil rights plaintiff who recovered only nominal damages. We affirm.

## FACTS

On March 24, 1995, Mr. Ermine was a passenger in a car that was involved in a high-speed chase with Spokane police. During the chase, Mr. Ermine rode in the car as an unwilling passenger and made several attempts to get the driver to stop the car. After driving over a traffic median and a curb, the car drove across Franklin Park and came to a stop. Mr. Ermine and the driver got out of the car. The driver fled on foot.

There are two versions of the chain of events related to Mr. Ermine. Mr. Ermine states that he got out of the car, put his hands up, and started walking toward the back of the car. When Mr. Ermine reached the back of the car, he spotted Officer Barrington who yelled, "Get down on the ground." Mr. Ermine began to kneel, but Officer Barrington grabbed him by the back of the head and slammed his face down to the concrete. Officer Barrington then hit Mr. Ermine several times in the back of the head and the neck area. Officer Barrington continued to hit Mr. Ermine even though he had curled up in a ball to protect himself. While Mr. Ermine was on the ground, Officer Barrington said: "That will teach you to fuck with the cops."

Officer Barrington remembers the events somewhat differently. After the car was disabled, Officer Barrington observed Mr. Ermine walking toward the rear of the car.

Officer Barrington yelled, "Police. Get down on the ground." When Mr. Ermine refused to comply with his commands, Officer Barrington made physical contact with Mr. Ermine in an effort to detain him. Specifically, Officer Barrington attempted to place Mr. Ermine under "left arm control," but had a difficult time because Mr. Ermine was swinging and flailing his right arm and trying to tug his left arm free. Officer Barrington gave Mr. Ermine a series of "open palm strikes" and a knee strike, but was unable to control or handcuff Mr. Ermine until Officer Craig Bulkley arrived. Officer Barrington, with Officer Bulkley's assistance, was able to subdue and handcuff Mr. Ermine. The officers arrested Mr. Ermine for obstructing a police officer and resisting arrest. Mr. Ermine was transported by ambulance to Holy Family Hospital and received treatment and pain medication for injuries to his face, elbow, and back.

In May 1996, Mr. Ermine filed a claim for damages against the City and Officer Barrington seeking damages of $500,000 for violation of his civil rights, false arrest, and assault and battery. In January 1997, Mr. Ermine brought suit against Officer Barrington and the City of Spokane alleging false arrest, use of excessive force in making the arrest, and negligence. Additionally, Mr. Ermine brought a claim under 42 U.S.C. § 1983, alleging that Officer Barrington's use of excessive force violated Mr. Ermine's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Mr. Ermine sought unspecified compensatory and punitive damages in his complaint. The matter went to mandatory arbitration. Mr. Ermine lost in arbitration and sought a de novo trial in superior court.

During his closing argument at trial, Mr. Ermine requested $1,212 in medical expenses, $1,200 for pain and suffering, and $2,500 in punitive damages. The jury returned a verdict in favor of the City on all counts. The jury also found in favor of Officer Barrington on all counts except the count alleging excessive force under 42 U.S.C.

§ 1983. However, the jury also determined Mr. Ermine's damages to be zero. Based on the jury's verdict, Mr. Ermine requested $555 for nominal damages and $19,840 for attorney fees. The trial court awarded Mr. Ermine $1 in nominal damages and 50 percent of the attorney fees requested. The court denied the City's motion for reconsideration.

## ANALYSIS

The City contends the court abused its discretion by awarding attorney fees to Mr. Ermine because no fees should be awarded to a civil rights plaintiff recovering only nominal damages. Relying on *Farrar* and *Sintra*, the City asserts the court should have given primary consideration to the amount of damages sought by Mr. Ermine as compared to the nominal damages awarded. The City maintains that a fee award was improper because Mr. Ermine failed to establish any degree of success in comparison to the relief sought.

■ ■ Under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), trial courts are granted the discretion to award attorney fees to prevailing parties.[1] A plaintiff awarded nominal damages is a prevailing party under § 1988. *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992). However, a prevailing party is not always entitled to an award of attorney fees; in some circumstances it may be an abuse of discretion to award attorney fees to a plaintiff who seeks compensatory damages but receives only nominal damages. *Id.* at 115. The question we must address is whether the court abused its discretion in awarding fees to Mr. Ermine, a plaintiff receiving only nominal damages of $1.00. A court abuses its discre-

---

[1]42 U.S.C. § 1988(b) reads:

"In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. § 2000bb et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d et seq.], or section 13981 of this title,, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." (Footnote omitted.)

tion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Sintra, Inc. v. City of Seattle*, 131 Wn.2d 640, 664, 935 P.2d 555 (1997).

In *Farrar,* the plaintiffs brought an action under 42 U.S.C. § 1983 and § 1985 alleging due process violations arising out of the state's closure of a private school for troubled teenagers. *Farrar,* 506 U.S. at 105-06. The plaintiff in *Farrar* sought damages of $17 million, but was awarded only $1 in nominal damages. The *Farrar* Court reversed the district court's award of attorney fees, concluding "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar,* 506 U.S. at 115 (citations omitted). The *Farrar* Court further determined that " '[w]here recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.' " *Farrar,* 506 U.S. at 114 (quoting *City of Riverside v. Rivera,* 477 U.S. 561, 585, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (Powell, J., concurring)). In other words, "the degree of success" is the most critical factor in determining the reasonableness of a fee award to a prevailing party. *Farrar,* 506 U.S. at 114.

*Farrar* is a plurality opinion, with the fifth and decisive vote coming from Justice O'Connor, who stated her understanding of *Farrar* in a special concurrence. Justice O'Connor agreed with the plurality opinion that " 'a technical victory may be so insignificant . . . as to be insufficient' to support an award of attorney's fees." *Farrar,* 506 U.S. at 117 (O'Connor, J., concurring) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989)). She added, however, that § 1988 "is a tool that ensures the vindication of important rights, even when large sums of money are not at stake, by making attorney's fees available under a private attorney general theory." *Farrar,* 506 U.S. at 122 (O'Connor, J., concurring). "As narrowed by Justice

O'Connor's concurring opinion, therefore, *Farrar* essentially holds that failure to recover more than nominal damages in a § 1983 action is a Pyrrhic or technical victory precluding an award of attorney's fees under § 1988 only when the action serves no public purpose." *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074, 1078 (10th Cir. 1998) (emphasis omitted).

The Washington Supreme Court applied the *Farrar* analysis in *Sintra*. Sintra brought suit under 42 U.S.C. § 1983 for deprivation of substantive due process rights and unconstitutional taking arising out of the city's enforcement of a housing preservation ordinance. Sintra originally claimed losses of over $100 million, but Sintra's expert at trial estimated the loss at more than $2 million. After seeking millions, Sintra recovered only $3 in nominal damages. Applying the *Farrar* analysis, the *Sintra* court determined that trial courts awarding attorney fees under § 1988 should give primary consideration to the amount of damages sought by the plaintiff as compared to the nominal damages awarded. *Sintra*, 131 Wn.2d at 666. The *Sintra* court reversed the award of fees made by the trial court because the trial court correctly stated the "central issue," but did not consider this matter a primary factor in its findings and considered other factors such as the difficulty of the case, the undesirability of the case, and the level of skill necessary to properly pursue the case. *Sintra*, 131 Wn.2d at 665.

We find instructive *Wilcox v. City of Reno*, 42 F.3d 550 (9th Cir. 1994). In *Wilcox*, the Ninth Circuit affirmed an award of attorney fees of $66,535 even though the plaintiff was awarded only $1 in damages after an officer had punched him twice in the face in the course of an arrest. *Id.* at 551-52. However, the jury had concluded that the City of Reno had a policy that resulted in the use of excessive force and that the policy proximately caused the plaintiff's injuries. *Id.* at 553. The court determined that "*Farrar* therefore teaches that an award of nominal damages is not enough. If a district court chooses to award fees

122

after a judgment for only nominal damages, it must point to some way in which the litigation succeeded, *in addition* to obtaining a judgment for nominal damage. If the lawsuit achieved other tangible results—such as sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects—such results will, in combination with an enforceable judgment for a nominal sum, support an award of fees." *Wilcox*, 42 F.3d at 555. On the other hand, the court also concluded that the determination of whether to make an award remains with the district court, because "[t]he district court is in the best position to ascribe a reasonable value to the lawyering it has witnessed and the result that lawyering has achieved." *Id.*

█ In *Farrar*, Justice O'Connor stated, "an award of nominal damages can represent a victory in the sense of vindicating rights even though no actual damages are proved." *Farrar*, 506 U.S. at 121 (O'Connor, J., concurring). Here, the jury found that the Spokane police officer used excessive force under 42 U.S.C. § 1983. But the jury also found that Mr. Ermine suffered no actual damages. The trial judge determined that there was a public purpose in this litigation and that Mr. Ermine's legal victory was not too insignificant to justify an award of attorney fees against the City.

We affirm the judgment of the trial court and award Mr. Ermine attorney fees on appeal.

Kato, J., concurs.

Sweeney, J. (dissenting) — I respectfully dissent because neither the United States Supreme Court's decision in *Farrar v. Hobby*[2] nor the Washington State Supreme Court's decision in *Sintra, Inc. v. City of Seattle*[3] supports an award of attorney fees here.

The prevailing party in a 42 U.S.C. § 1983 action is not

[2]506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992).

[3]131 Wn.2d 640, 935 P.2d 555 (1997).

entitled to an award of fees where recovery of private damages is the sole purpose of the litigation and he or she recovers nothing. *Sintra,* 131 Wn.2d at 665-66. This is because when awarding attorney fees we must give primary consideration to the amount of damages awarded as compared to the amount sought. *Id.*

I dissent reluctantly because I do not agree with the holding in *Farrar.* It fails to implement both the spirit and the letter of 42 U.S.C. § 1983. It is, nonetheless, the law in this state, adopted in *Sintra.* I would therefore reverse the award of attorney fees.

The claim here was for relief under a federal statute, 42 U.S.C. § 1983. We are, therefore, bound by the federal interpretation of this statutory scheme. *Sintra,* 131 Wn.2d at 652. And the question of attorney fees, under precisely the same factual circumstances we are confronted with here, has been addressed by the United States Supreme Court in *Farrar.* The majority holding in *Farrar* is clear. A party may be technically a "prevailing party" according to 42 U.S.C. § 1988 even if he or she recovers only nominal damages. *Farrar,* 506 U.S. at 113. Nonetheless, the "most critical" factor for determining the reasonableness of a fee is the degree of success obtained. *Id.* at 114. According to the *Farrar* Court, where the claim is for private damages, the court must " 'give primary consideration to the amount of damages awarded as compared to the amount sought.' " *Id.* (quoting *City of Riverside v. Rivera,* 477 U.S. 561, 585, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (Powell, J., concurring)). The necessary conclusion from *Farrar* is that even though a party may be technically "a prevailing party" under § 1988, he or she is not entitled to attorney fees *where the claim for compensatory damages is rejected.*

Justice O'Connor concurred in the majority opinion in *Farrar* and provided additional grounds for the holding. She writes that "when a plaintiff's victory is purely technical or de minimis, a district court need not go through the

usual complexities involved in calculating attorney's fees." *Farrar*, 506 U.S. at 117 (O'Connor, J., concurring). She explains, "where the only reasonable fee is no fee, an award of fees would be unjust; conversely, where a fee award would be unjust, the reasonable fee is no fee at all." *Id.* at 118. Moreover, Justice O'Connor notes that where there is no recovery, there is no award of costs. She notes that § 1988 authorizes payment of fees as part of costs; therefore, no costs, no fees. *Id.* at 119-20.

Justice O'Connor does argue that other factors should be considered when deciding whether to award attorney fees, like a victory which results in no monetary recovery but vindicates significant rights. *Id.* at 121. That position was not, however, adopted by the *Farrar* majority. And, more importantly, there is no finding here of vindication of any right not vindicated by any other successful § 1983 action, where only nominal damages are recovered.

The majority opinion in *Farrar* was accepted in toto by the Washington State Supreme Court in *Sintra*. *Sintra*, 131 Wn.2d at 664-66. It should, therefore, guide our analysis in this case. The primary factor the trial court must consider in awarding fees in a § 1983 action is the degree of success. We judge that degree of success by comparing the claims asserted and the relief sought to the results.

Aaron Ermine asked for both punitive and compensatory damages. He received no compensatory damages, and no punitive damages. The court in *Sintra* reversed an award of attorney fees under similar circumstances, holding:

> the central issue to be addressed in its consideration of an award of attorney's fees under § 1988 was the degree of success obtained by Plaintiffs, the court did not consider this a primary factor in its findings when entering an award.

*Sintra*, 131 Wn.2d at 665.

Mr. Ermine sued for $500,000. He offered to settle the case for $10,000 before trial. The case was arbitrated pursuant to mandatory arbitration rules which limit any award to $35,000. The arbitrator found for the City. Mr. Ermine

appealed the adverse arbitration award to superior court. A jury, again, rejected his claim for both punitive and compensatory damages.

Mr. Ermine did not ask for injunctive relief. He did not ask for declaratory relief or extraordinary writs. And he made no showing either at trial or during posttrial argument over attorney fees that any of the policies of the Spokane Police Department changed, or had been so much as reconsidered, as a result of his efforts. In short, Mr. Ermine lost this lawsuit.

The later imposition of $1 nominal damages would not send a message other than this claim was not worth much and vindicated no important right. To repeat, all that was sought here was money. And the jury awarded no money.

The trial judge articulated his considerations on the questions of attorney fees, as follows:

(1) "I think I still have to consider the fact that the jury came back with a verdict in favor of Mr. Ermine."

(2) "I still think that some fairly substantial attorney fees are appropriate[.]"

On reconsideration, the court expanded on its reasons noting that "[i]f I had not considered the factor of the damages, I would have granted substantially more attorney's fees." The court could not articulate because the record discloses no vindication of a substantial right. Indeed, as Justice O'Connor noted: "Such a judgment cannot deter misconduct any more than a bolt of lightning can; its results might be devastating, but it teaches no valuable lesson because it carries no discernable meaning." *Farrar*, 506 U.S. at 122 (O'Connor, J., concurring).

Mr. Ermine may have made a point. But he made no more of a point than any other successful § 1983 litigant makes. And as I read *Farrar* and *Sintra*, that is not enough.

The award of attorney fees is subject to an abuse of discretion standard. The trial judge abuses that discretion when the decision is based upon unreasonable or untenable grounds. *Sintra*, 131 Wn.2d at 664. The trial judge abused

126

his discretion here because the primary consideration required by both *Farrar* and *Sintra* was the plaintiff's degree of success. This was a claim for compensatory and punitive damages, pure and simple. The plaintiff lost at arbitration and lost again before a jury. That is not success. The trial judge, therefore, abused his discretion in awarding fees.

I therefore respectfully and, again, reluctantly dissent.

Review granted at 141 Wn.2d 1017 (2000).