# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| ROBERT E. TUTTLE, JR., | No.  51782-5-II |
| Plaintiff, | |
| v. | |
| ESTATE OF ANITA D. TUTTLE, PATRICIA HICKLIN, personal representative; TUTTLE FAMILY LIMITED PARTNERSHIP Eric Anderson, general partner; ROBERT E. TUTTLE, SR. TESTAMENTARY TRUST u/w/d 11/17/1993, Patricia Hicklin and Doreen Hunt, co-trustees; PATRICIA HICKLIN and SYDNEY HICKLIN, husband and wife, | UNPUBLISHED OPINION |
| Defendants, | |
| DOREEN HUNT, co-trustee of the ROBERT E. TUTTLE, SR. TESTAMENTARY TRUST, u/w/d 11/17/1993, | |
| Appellant, | |
| v. | |
| PATRICIA HICKLIN, co-trustee of the ROBERT E. TUTTLE, SR. TESTAMENTARY TRUST, u/w/d 11/17/1993, | |
| Respondent. | |

SUTTON, J. — Doreen Hunt and Patricia Hicklin are co-trustees of a family trust, the Robert

E. Tuttle Sr. Testamentary Trust.  This appeal arises from Hunt's cross-claim against Hicklin

alleging that Hicklin violated her duties as a co-trustee. Hunt appeals the superior court's orders (1) requiring her to make a more definite statement of her allegations, (2) denying her motion to compel discovery, (3) striking her cross-claim against Hicklin with prejudice for failure to comply with the order for a more definite statement, (4) dismissing her cross-claim with prejudice, and (5) awarding attorney fees to Hicklin.

We hold that the superior court did not abuse its discretion regarding these orders. Accordingly, we affirm the superior court's orders, deny both parties' requests for appellate attorney fees on appeal, and remand for further proceedings.

FACTS

I. BACKGROUND[1]

Robert Tuttle, Sr. and his wife Anita Tuttle had seven children, including Robert Tuttle, Jr., Hunt, and Hicklin. Robert Sr. died in 1998, and his assets were transferred to the Robert E. Tuttle Sr. Testamentary Trust (Trust) for the benefit of Anita during her lifetime. Hunt and Hicklin were to serve as co-trustees of the Trust after Anita died.

Anita died in 2013. Before her death, Anita executed a new will, naming Hicklin as personal representative, and leaving nothing to five of her children including Hunt.

The Tuttle family has been involved in protracted litigation regarding the estate, including two prior appeals to this court. In September 2013, Hunt and two of her other disinherited sisters

---

[1] The facts in this section are derived from: *In re Estate of Tuttle*, noted at 189 Wn. App. 1029, 2015 WL 4760548 (Aug. 11, 2015); *Tuttle v. Estate of Tuttle*, noted at 3 Wn. App. 2d 1066, 2018 WL 2437294 (May 30, 2018).

filed petitions contesting Anita's will. Daisy Anderson, one of Anita's children, appealed the superior court's dismissal of the petitions. We affirmed the superior court's dismissal.

In November 2013, Robert Jr. filed claims against Anita's estate, the Tuttle Family Limited Partnership (FLP) in which he was a limited partner, the Trust, and his sister Hicklin and her husband. In the complaint, Robert Jr. sought: (1) judgment quieting title to 22.5 acres that he claimed, (2) accounting of the activities of the FLP and the Trust, (3) declaratory relief with respect to management and operation of the FLP and the Trust, and (4) recovery of attorney fees and costs incurred. Robert Jr. also filed a separate claim against Hicklin and her husband, alleging that they were personally liable to him on related issues. In May 2014, the FLP filed suit against Anita's estate, the Trust, and Hicklin and her husband. In December 2014, the superior court dismissed this lawsuit for failure to comply with the probate claim statute.

## II. HUNT'S CROSS-CLAIM AGAINST HICKLIN

This appeal involves the cross-claim filed by Hunt in December 2015 against Hicklin. Hunt alleged that (1) Hicklin retained counsel on behalf of the Trust without informing Hunt, in violation of RCW 11.98.070 (count I); (2) Hicklin failed to keep the qualified beneficiaries of the Trust reasonably informed, in violation of RCW 11.98.072 (count II); (3) Hicklin breached her fiduciary duties as trustee of the Trust, in violation of RCW 11.106.020 (count III); and (4) Hicklin violated her duty of loyalty to the Trust, in violation of RCW 11.98.078 (count IV).

Hicklin moved to dismiss Hunt's cross-claim, arguing a lack of standing and that the cross-claim was barred by res judicata. The superior court denied the motion to dismiss in August 2016.

In October 2016, the superior court granted the FLP's, the Trust's, and the Hicklins' motions for summary judgment, and dismissed all claims made by Robert Jr. with prejudice. Robert Jr. appealed the dismissal, but focused his appeal on his quiet title claim against the FLP.

### III. MOTION AND ORDER FOR MORE DEFINITE STATEMENT

In the meantime, Hicklin filed a motion for a more definite statement of Hunt's cross-claims under CR 12(e). She claimed that Hunt's discovery request related to the same allegations that had already been dismissed in the FLP's lawsuit and in Robert Jr.'s lawsuit. Hicklin also argued that the cross-claim was vague and ambiguous because it concerned matters between co-trustees, Hicklin and Hunt, with vague allegations concerning nonspecific breach of duties by Hicklin as co-trustee, but that the statutes cited by Hunt dealt with beneficiaries, not trustees. Hicklin requested a more specific statement from Hunt regarding the facts alleged and the legal basis for which Hicklin, acting as co-trustee, would be liable to Hunt, and for Hunt to show that the cross-claim was different than the allegations made and dismissed in the FLP lawsuit and in Robert Jr.'s lawsuit.

The superior court granted Hicklin's motion for a more definite statement in May 2017, finding that under CR 12(e), Hunt's cross-claim was "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, or [that] more particularity in [the cross-claim] will further the efficient economical disposition of the action." Clerk's Papers (CP) at 515 (emphasis omitted). The court also found that litigation by Anita's heirs had been ongoing for almost 5 years and had resulted in no less than three separate lawsuits, two of which had been appealed. The court, relying on CR 12(e), also found that "[f]or just and economical disposition of the case, Hunt was required to give a clear and plain statement of her claims." CP at 515. The

4

court ordered that Hunt refile counts I, II, III, and IV with a more specific statement of the nature of the claims and the legal theories under which Hunt sought to recover against Hicklin.

## IV. MOTION TO COMPEL

Hunt had served discovery on Hicklin related to the cross-claim allegations. Hicklin provided some answers and objections, and Hunt filed a motion to compel discovery.

After ruling that Hunt must provide a more definite statement of her cross-claim, the superior court denied the motion to compel without prejudice. The court ruled that Hunt could renew the motion to compel after she filed a more definite statement.

## V. MOTION TO STRIKE, DISMISS, AND FOR SANCTIONS

Hunt did not file a more definite statement during the next nine months. In February 2018, Hicklin moved to strike Hunt's cross-claim, and if granted, moved to dismiss the cross-claim for failing to state a claim upon which relief could be granted, and moved for sanctions for Hunt's dilatory conduct in delaying the litigation.

The superior court found that Hunt's actions were dilatory because she had been involved in the litigation since February 2014, that she had been ordered to clarify her cross-claim and had failed to do so, and that her delay prejudiced Hicklin causing her to incur significant expense to defend against the cross-claim. The superior court granted Hicklin's motion to strike the cross-claim, and then granted Hicklin's motion to dismiss the cross-claim and dismissed the cross-claim with prejudice.

## VI. MOTION FOR ATTORNEY FEES

Hicklin filed a motion for an award of attorney fees and the superior court granted the motion and awarded her attorney fees in the amount of $11,640 based on the amount of work

Hicklin's counsel had expended to defend the cross-claim. The court explained that "this is a reasonable amount for the work done in the case and that the fee charged is reasonable. This amount is apportioned to represent only work done in response to Hunt's claims and does not include [Robert Jr.'s] claims." CP at 516.

Hunt appeals the order granting the motion for a more definite statement and denying the motion to compel; order granting the motion to strike, motion to dismiss claims and grant sanctions; and the order awarding attorney fees.

## ANALYSIS

### I. MOTION FOR A MORE DEFINITE STATEMENT

Hunt argues that the superior court abused its discretion by ordering her to file a more definite statement of her cross-claim against Hicklin. She claims that the superior court "considered 'facts' which were asserted in Hicklin's motions, memoranda[,] and declarations which simply discounted or dismissed as untrue the allegations contained in Hunt's initial cross-claims." Br. of Appellant at 21. We disagree.

CR 12(e) states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, *or if more particularity in that pleading will further the efficient economical disposition of the action*, the party may move for a more definite statement before interposing a responsive pleading.

(Emphasis added).

We review a superior court's ruling on a CR 12(e) motion for a more definite statement for an abuse of discretion. *Hough v. Stockbridge*, 152 Wn. App. 328, 336, 216 P.3d 1077 (2009). The

superior court abuses its discretion when its decision is based on untenable grounds or reasons. *Clarke v. State Attorney General's Office,* 133 Wn. App. 767, 777, 138 P.3d 144 (2006).

Here, Hunt filed a cross-claim against Hicklin alleging four separate causes of action based on Hicklin's actions as a co-trustee of the Trust. Given the significant delay in the case, lingering for over three years, and the cost to Hicklin to defend, under the plain language of CR 12(e), the superior court properly granted the motion for a more definite statement to "further the efficient economical disposition of the action." CP at 515 (emphasis omitted).

Given the claims Hunt asserted, it was neither untenable nor unreasonable for the superior court to order her to provide a more definite statement. Thus, because the court did not err, we affirm the superior court's order for a more definite statement.

## II. MOTION TO COMPEL DISCOVERY

Hunt also argues that the superior court abused its discretion by denying her motion to compel more complete discovery answers by Hicklin. We disagree.

The decision to grant or deny a motion to compel discovery is within the discretion of the superior court, and we will not reverse the decision absent an abuse of discretion. *Clarke,* 133 Wn. App. at 777. Under CR 26, the scope of discovery is very broad, but a court may limit a party's discovery if it determines that there are less burdensome means to obtain the discovery and taking into account the needs of the case. CR 26(b)(1).

Here, the superior court denied Hunt's motion to compel without prejudice and provided her the opportunity to revise her discovery requests and move to compel after she clarified her cross-claim with a more definite statement. The court further required that Hicklin address revised discovery requests. Given the court's broad discretion under CR 26(b)(1), it was neither

7

unreasonable nor untenable for the court to deny Hunt's motion to compel without prejudice at that time. Thus, because we hold that the superior court did not abuse its discretion, we affirm the court's order denying the motion to compel.

### III. MOTION TO STRIKE

Hunt argues that the superior court erred by granting Hicklin's motion to strike Hunt's cross-claims. We disagree.

We review a superior court's order on a motion to strike for an abuse of discretion. *Billings v. Town of Steilacoom,* 2 Wn. App. 2d 1, 33, 408 P.3d 1123 (2017), *review denied*, 190 Wn.2d 1014 (2018). The superior court abuses its discretion when its decision is based on untenable grounds or reasons. *Clarke,* 133 Wn. App. at 777. "Unchallenged findings [of fact] are verities on appeal." *Jensen v. Lake Jane Estates*, 165 Wn. App. 100, 105, 267 P.3d 435 (2011).

As discussed above, CR 12(e) provides the court with the discretion to strike a pleading if striking it will further the efficient economical disposition of the action. Cr 12(e) also provides

> If the motion is granted and the order of the court *is not obeyed within 10 days* after the notice of the order or within such other time as the court may fix, *the court may strike the pleading* to which the motion was directed or make such order as it deems just.

(Emphasis added).

Here, Hunt did not file a more definite statement within 10 days as ordered. At the time the court heard Hicklin's motion to strike, nine months had passed.

CR 12(e) permits the court to strike the pleading which is the subject of a motion and order for a more definite statement, here, the cross-claim. Thus, the superior court's decision to grant Hicklin's motion to strike is not based on untenable grounds or reasons. *Clarke,* 133 Wn. App. at 777.

Accordingly, we hold that the superior court did not abuse its discretion and affirm the order granting Hicklin's motion to strike.

IV. MOTION TO DISMISS

Hunt argues that the superior court erred by dismissing her cross-claim with prejudice. We disagree.

As discussed above, under CR 12(e), the court may strike the pleading to which the motion was directed or make such order as it deems just.

Typically, the sanction for failure to comply with an order requiring a more definite statement under CR 12(e) is dismissal *without* prejudice. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 223, 829 P.2d 1099 (1992). However, CR 12(e) allows the court to enter an order "as it deems just." And under CR 1, the court rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

The court found that Hunt violated its order for a more definite statement and that nine months had passed since it had ordered Hunt to file a more definite statement. At that time, the case had been pending for more than three years without a trial date. Under the unique facts of this case, the superior court properly concluded that dismissal of Hunt's cross-claim with prejudice was proper. CR 1; CR 12(e); *Cutler v. Phillips Petroleum Co.*, 124 Wn.2d 749, 755, 881 P.2d 216

(1994). Accordingly, we hold that the superior court did not abuse its discretion and we affirm the order dismissing Hunt's cross-claim with prejudice.

## V. SUPERIOR COURT ATTORNEY FEES

Hunt challenges some of the attorney fees awarded by the superior court and also argues that the superior court abused its discretion by requiring that the attorney fees be paid by the Trust. We disagree.

We review an order awarding attorney fees for an abuse of discretion. *Gander v. Yeager,* 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). To determine whether the superior court properly awarded attorney fees, we apply a dual standard of review. *Gander,* 167 Wn. App. at 647. We review the initial determination of whether there is a legal basis to award attorney fees de novo. *Gander*, 167 Wn. App. at 647. If there is a legal basis for awarding attorney fees, we review "a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fee award for an abuse of discretion." *Gander*, 167 Wn. App. at 647. A superior court abuses is discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Ermine v. City of Spokane,* 100 Wn. App. 115, 119-20, 996 P.2d 624 (2000).

In a probate action, a superior court may award attorney fees based on RCW 11.96A.150(1):

> Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) *from the assets of the estate or trust involved in the proceedings*; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

(Emphasis added). The plain language of this statute afforded the superior court the discretion to award attorney fees to be paid from the Trust.

Here, the superior court's procedure and analysis in determining the amount of reasonable attorney fees to be awarded was proper and not manifestly unreasonable. The superior court reviewed extensive documentation on the hours of work completed by Hicklin's attorney, determined the amount of work completed, and determined that the hourly attorney fee rate requested was reasonable. The superior court considered the proposed fees and entered findings of fact to support its conclusion that reasonable attorney fees should be awarded to Hicklin.

The superior court's findings support its conclusion that it was equitable to award attorney fees to Hicklin in the amount it ordered and that it was equitable to order that the fees be paid from the Trust. Accordingly, we hold that the superior court did not abuse its discretion and we affirm the court's order awarding fees.

## VI. ATTORNEY FEES ON APPEAL

Both parties request an award of attorney fees and costs on appeal. We deny Hunt's request for attorney fees because she did not prevail on appeal. And although Hicklin requests attorney fees and claims this court has discretion to award the fees, she does not explain why we should exercise that discretion here. Accordingly, we deny Hicklin's request for attorney fees.

CONCLUSION

We hold that the superior court did not abuse its discretion and we affirm the superior court's orders, deny both parties' requests for attorney fees on appeal, and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

GLASGOW, J.