# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

VLADIK BYKOV,

          Appellant,

        v.

DAVID R. ADAMS, and his marital
community,

          Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 68021-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: September 16, 2013

APPELWICK, J. — Bykov appeals from a judgment awarding postjudgment interest, CR 11 sanctions, and additional CR 11 sanctions imposed as a result of his reconsideration motion. Bykov fails to establish any error or abuse of discretion by the trial court. We affirm.

## FACTS

In April 2010, Vladik Bykov filed a nuisance action against his neighbor David Adams. Adams filed an answer with a counterclaim for costs and attorney fees for defending a frivolous lawsuit. The trial court granted Bykov's motion to dismiss his claims against Adams in June 2010. In July 2010, the trial court dismissed Adams's counterclaim for attorney fees against Bykov, but stated in the order, "However, this dismissal does not preclude Defendants from pursuing such relief pursuant to the provisions of RCW 4.84.185." In August 2010, the trial court granted Adams $1,600 in attorney fees based on its finding that "plaintiff's claims against defendant are frivolous and advanced without reasonable cause contrary to RCW 4.84.185." The trial court entered judgment against Bykov in September 2010. This court dismissed Bykov's appeal of the judgment, Order

Terminating Review, Bykov v. Adams, No. 65920-1-I (Wash. Ct. App. Dec. 3, 2010), and issued the mandate in May 2011.

While his initial appeal was pending in this court, Bykov continued to file motions in the trial court. Bykov sought reconsideration of the $1,600 award, repeatedly arguing that the trial court failed to sufficiently explain its analysis of his complaint under RCW 4.84.185, or to specifically address each claim in the complaint. On November 5, 2010, Bykov filed a motion to admit additional evidence for appeal, to which he attached documents referring to notices of federal tax liens in the name of Brian K. Fresonke, Adams's attorney, as well as printout of property tax information referring to a parcel of real estate listed under the name "Fresonke K G." In his motion, Bykov explained his submission of the evidence of Fresonke's "potential or actual criminal activity for the purpose of impeaching him and his declarations." These documents contained Fresonke's unredacted social security number. Over the following year, the interactions between Fresonke and Bykov were troubled, culminating in Bykov's conviction in Seattle Municipal Court in October 2011 for criminally harassing Fresonke.

On November 3, 2011, Adams obtained an order requiring Bykov to appear at a show cause hearing where Adams would seek the following relief: (1) disbursement of $1,600 in the court registry to Adams; (2) interest on the September 2010 judgment; (3) redaction of Fresonke's social security number from Bykov's November 2010 filing; and (4) CR 11 sanctions of $731.50 for filing "a pleading intended as an act of harassment against defendant's counsel that needlessly increased the cost of this litigation." On November 15, after a hearing,

the trial court ordered the relief requested by Adams. It awarded postjudgment interest in the amount of $224.00 and entered a judgment against Bykov for the $731.50 sanction. The court specifically found that Bykov "had no legitimate reason for including" Fresonke's social security number in his filing but "intended to harass" him and "caused a needless increase in the cost of this litigation . . . because defendant has had to move the Court to redact his attorney's social security number."

Bykov filed a motion to vacate the November 15 judgment. The trial court denied the motion, finding that it failed "to conform to the show cause requirements of CR 60 and fails to meet the substantive requirements for relief. The court ordered an additional CR 11 sanction of $1000 "because this motion is not well grounded in fact and is not warranted by existing law."

Bykov appeals the November 15 order and judgment, as well as the December 8 order denying the motion to vacate judgment and imposing the additional $1000 sanction.

## DECISION

CR 11 permits a court to impose a sanction, including attorney fees, when a filing is (1) not well grounded in fact; (2) unwarranted by existing law; or (3) for any improper purpose, such as harassment or delay. "To impose sanctions for a baseless filing, the trial court must find not only that the claim was without a factual or legal basis, but also that the attorney who signed the filing did not conduct a reasonable inquiry into the factual and legal basis of the claim." West v. Wash. Ass'n of County Officials, 162 Wn. App. 120, 135, 252 P.3d 406 (2011).

3

The reasonableness of an attorney's inquiry is evaluated by an objective standard, that is, "whether a reasonable attorney in like circumstances could believe his or her actions to be factually and legally justified." Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 220, 829 P.2d 1099 (1992).

Courts impose sanctions under CR 11 "to deter, to punish, to compensate and to educate." Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 356, 858 P.2d 1054 (1993). When fashioning appropriate sanctions, courts may consider whether a party bringing a CR 11 motion gave prior, timely, informal notice of the potential violation to the offending party, but laches or waiver principles do not apply "because a CR 11 motion is not a 'cause of action' as contemplated by those doctrines." Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

Although Bykov filed his lawsuit pro se, "pro se litigants are bound by the same rules of procedure and substantive law as attorneys." Westberg v. All-Purpose Structures, Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

We review a trial court's order to pay attorney fees under CR 11, as well as the amount of any such fees, for an abuse of discretion. Biggs, 124 Wn.2d at 197. The trial court must make specific findings indicating which filings violate the rule and how such filings violate the rule or demonstrate bad faith. Id. at 201-02. Unchallenged findings are verities on appeal. Cowiche Canyon Conservatory v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

Bykov first challenges the $731.50 sanction, arguing (1) he was entitled to notice of a possible CR 11 violation before Adams filed a motion for sanctions;

(2) neither Adams or Fresonke incurred costs or fees in filing the motion to redact the social security number; (3) Adams had no standing to assert Fresonke's legal rights and Fresonke as a non-party cannot be compensated under CR 11; (4) the motion for sanctions was filed too late; and (5) CR 11 does not allow the court to penalize a party. These arguments are not supported by relevant authority and lack merit.

Bykov has not challenged the trial court's finding that he filed the tax documents in November 2010 with the social security number unredacted for the improper purpose of harassing Adams's attorney. In support of his motion for sanctions, Adams submitted briefing and exhibits describing Bykov's pattern of harassment of Fresonke and ultimate criminal conviction. In response to Adams's motion to show cause and for sanctions, Bykov argued at length that Fresonke's history of tax evasion demonstrated his dishonesty and was therefore relevant to the lawsuit. Bykov's briefing also contains extensive arguments challenging the basis for the September 2010 judgment and attributing CR 11 violations to Fresonke. We cannot say the trial court abused its discretion in concluding that Bykov's November 2010 filing warranted sanctions.

As to the amount of the award, Adams submitted the declaration of his attorney describing the time he spent addressing the redaction of his social security number to support his request for $731.50, or 2.66 hours times his hourly rate of $275.00. Bykov fails to demonstrate any abuse of discretion in the trial court's decision to impose that amount as a sanction.

Bykov also challenges the trial court's December 8 order imposing $1000 as a CR 11 sanction for filing his motion to vacate the original $731.50 sanction. Bykov contends that the trial court failed to sufficiently explain how the motion was not well grounded in fact or warranted by existing law. He claims that the imposition of the sanction without prior notice was an error of law and a violation of his due process rights. Bykov also challenges the amount, arguing that there is no evidence that Adams incurred $1000 in attorney fees in responding to Bykov's motion.

But, based on our review of the record and the particular circumstances of this case, remand to the trial court for additional findings is unnecessary. Where, as here, the trial court imposed sanctions based on a factual record consisting entirely of affidavits, this court may independently review the evidence for support for the required findings. Bryant, 119 Wn.2d at 222-23. The trial court found that Bykov's motion to vacate was not well grounded in fact or warranted by existing law, but did not specifically find that he failed to conduct a proper inquiry. However, the record is devoid of any evidence from which the trial court could have determined that Bykov conducted any reasonable inquiry.

His pleadings speak for themselves. In his motion to vacate the judgment, Bykov did not cite CR 60 or argue any legally recognized grounds for vacating a judgment. He presented arguments as to jurisdiction obviously contradicted by the record. Bykov repeatedly attributed wrongdoing to Fresonke and justified his own actions, arguing for the first time that he has a First Amendment right to submit public documents displaying Fresonke's social security number to the

court in order to demonstrate Fresonke's dishonesty. Bykov also complained about the evidence Adams offered to support his request for $731.50 and requested an additional evidentiary hearing. But, Bykov's motion did not include or identify any new facts or relevant authority to cogently support his claims. Because the record would support a finding that Bykov did not conduct a reasonable inquiry into the factual or legal bases of his claims before filing his motion to vacate the judgment, we conclude that the trial court did not abuse its discretion in determining that Bykov violated CR 11 by filing the motion and that an additional sanction was warranted.

Similarly, in view of the record here, remand for the trial court to provide additional findings to explain the amount of the sanction is also unnecessary. The matter began with a frivolous lawsuit that resulted in sanctions. It detoured into a criminal harassment proceeding. The appeal was dismissed. Harrassing pleadings were filed. Following the entry of a clear order describing Bykov's CR 11 violation and imposing a sanction designed in part to compensate Adams, Bykov filed his baseless motion asserting a constitutional right to commit the sanctioned act. We cannot say the trial court abused its discretion by imposing a sanction severe enough to deter Bykov from continuing to litigate the matter without reasonable grounds. Given the wide latitude afforded trial courts in fashioning appropriate sanctions, it is not necessary to remand in order for the trial court to designate the sanction as "terms" rather than "attorney fees." See Fisons Corp., 122 Wn2d at 355-56.

Finally, Bykov assigns error to the trial court's finding that he did not notify Adams's attorney that he had deposited $1,600 in the court registry in November 2010. Bykov does not identify the prejudice resulting from the trial court's resolution of this contested fact in Adams's favor. However, like Adams, we assume his alleged error is the award of postjudgment interest. Bykov asserts he gave Fresonke notice of deposit of the funds to satisfy the original judgment when he served a December 2010 motion. The record does not establish that he notified the clerk or Fresonke that disbursement of the funds was authorized rather than mere deposit pending further proceedings. We find no error in the award of postjudgment interest accruing until the funds were disbursed.

Bykov requests attorney fees and costs. Because Bykov has not prevailed, he is not entitled to fees or costs.

Affirmed.

WE CONCUR: