FILED
COURT OF APPEALS
DIVISION II

2014 FEB -4 AM 9: 18

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ARTHUR WEST,<br><br>Appellant,<br><br>v.<br><br>WASHINGTON STATE ASSOCIATION OF CITIES,<br><br>Respondent. | No. 43787-2-II<br><br><br><br>UNPUBLISHED OPINION |

PENOYAR, J. — Arthur West sued the Association of Washington Cities (AWC)[1] for withholding requested records in violation of the Public Records Act (PRA).[2] The trial court granted summary judgment in AWC's favor, finding that the allegedly withheld records were not responsive to West's request. West appeals, arguing that the trial court erred by finding the records not responsive to his request and by awarding AWC attorney fees. Because the records related to other requests West made with AWC and not to the request at issue in this suit, the trial court correctly granted summary judgment for ACW. Additionally, we affirm the trial court's attorney fee award because West's motion for reconsideration was meritless. We affirm.

## FACTS

West filed this action against AWC on October 20, 2011, for violation of the PRA. His complaint alleged that AWC failed to adequately respond to his February 2011 request for "records concerning the AWC's lobbying to weaken the PRA and for AWC communications with Rep. Mike Armstrong." Clerk's Papers (CP) at 5. AWC received only one request from

---

[1] AWC is wrongly named in the complaint caption as Washington State Association of Cities.

[2] Ch. 42.56 RCW.

West in February 2011. This was his February 9, 2011, request seeking the following records from AWC:

> 1. All communications concerning SB 5025, 5022 and 5089 and their companion bills HB 1139, 1033 and 1289, to include any communications concerning drafts or proposals for of [sic] any related legislation.
> 2. All records of any lobbying or correspondence concerning the Public Records Act, from June of 2010 to present, and any proposed alterations or amendments.
> 3. All information and communications on your "members only" website areas.

CP at 50. AWC responded on February 16 and sent West internet links to some of the requested records and provided him a timeline for production of the remaining records.

On March 3, 2011, before AWC had completed West's February 9 request, the Thurston County Superior Court entered a settlement agreement between West and AWC regarding a previous PRA action. The agreement terminated all of AWC's pending PRA obligations to West and stated that any document not produced to West in the course of the settled litigation would be subject to a new PRA request. That same day, West e-mailed AWC, stating, "Please regard this as a renewal of all pending records requests." CP at 63.

AWC responded to this request on March 10 and continued to provide records related to West's February 9 request throughout the month.[3] West again renewed his request through e-mails on April 21[4] and April 28.[5] AWC provided West with more records related to his February 9 request on May 6, May 31, June 10, and June 30. On June 30, AWC sent West a letter

---

[3] AWC's letter stated that it interpreted West's March 3 request as including the records requested in his February 9 request and asked him to clarify his request if this was not correct. The record does not contain any communication from West clarifying his request or verifying AWC's interpretation.

[4] "Please consider this as a formal request under RCW 42.56, for disclosure of records, including all previous requests. This request incorporates by reference all previous requests." CP at 69.

[5] "[P]lease regard this as a request to reopen all pending requests, and especially the most recent requests." CP at 69.

explaining that it considered his February 9 records request closed. The letter also stated that an exemption and redaction log would be sent to West the following week. West claims that he never received this log.

On September 12, 2011, West sent AWC an e-mail alleging that AWC was in violation of the PRA regarding his "recent request for records of AWC lobbying and AWC contacts with Mike Armstrong." CP at 182. AWC did not respond to the e-mail, which it claims it never received because of technical difficulties. On October 20, West filed this action in superior court against AWC for failing to respond to his February 2011 request for records relating to lobbying and communications with Armstrong.

Based on West's October 20 complaint, AWC opened a new search for records relating to lobbying and contacts with Armstrong. AWC sent West records from this search on November 18, 2011. Most of the records were duplicates of records he had received under his February 9 request. However, there were three e-mails from AWC to Armstrong that had not been produced in previous requests. On December 1, 2011, AWC sent West an exemption and redaction log for documents related to his "April 21, 2011, request for communications to and from the cities of Olympia and Tumwater from February 2004-2007." CP at 197.

In March 2012, AWC moved for summary judgment in this case, arguing that it had complied with the PRA regarding West's February 9 request. AWC stated that it had produced all documents related to West's request and that none of the documents were redacted or withheld. West filed a cross motion for summary judgment, citing AWC's June 30 letter, the November 18 production, and the December 1 exemption log as evidence that AWC had withheld records responsive to his February 9 request.

3

The trial court determined that the December 1 exemption log was not related to West's February 9 request. It also determined that the late disclosure of the log promised in the June 30 letter was not part of this suit. Finally, the trial court conducted an in camera review of the Armstrong e-mails produced on November 18 and found that none of the e-mails were responsive to West's February 9 request. Accordingly, the trial court granted summary judgment in AWC's favor.

West filed a motion for reconsideration, arguing that the trial court made an error of law by determining that the November 18 e-mails and the December 1 log were not responsive to the February 9 request. The trial court denied West's motion and awarded AWC attorney fees for responding to the motion. West appeals.

## ANALYSIS

West argues that AWC violated the PRA by failing to timely disclose records related to his February 9 request. Specifically, he alleges that AWC withheld e-mails to Armstrong produced on November 18 and records within the redaction and exemption log produced on December 1. In order to determine whether AWC violated the PRA by withholding these records, it is first necessary to determine whether the records are responsive to West's February 9 request, the only request at issue in this suit. Because the records are not responsive to the February 9 request, West has failed to prove that AWC violated the PRA.

I.    STANDARD OF REVIEW

We review a challenged agency action under the PRA de novo. RCW 42.56.550(3). We are in the same position as trial courts where, as here, the record consists only of documentary evidence. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 252, 884 P.2d 592 (1994). We also review a summary judgment order de novo, engaging in the same inquiry

4

as the trial court. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Folsom*, 135 Wn.2d at 663. We construe the facts and reasonable inferences in favor of the nonmoving party. *Korslund v. DynCorp Tri-Cities Servs., Inc.*, 156 Wn.2d 168, 177, 125 P.3d 119 (2005). Summary judgment is appropriate if reasonable persons could reach only one conclusion from the evidence presented. *Korslund*, 156 Wn.2d at 177.

## II.   ARMSTRONG E-MAILS

West first argues that the trial court erred by finding that the e-mails to Armstrong provided in the November 18 disclosure were not responsive to his February 9 request. We disagree.

West's February 9 request was for records concerning specific bills, lobbying related to the PRA, and information from AWC's "members only" website. CP at 50. The Armstrong e-mails produced on November 18 related to a conference that Armstrong was participating in. The e-mails concerned logistics, such as when he should arrive, what information he wanted in his "bio," and whether he would be providing materials for other participants. CP at 391. The e-mails did not mention the bills that were the subject of West's request or any PRA lobbying and the e-mails were not posted on the "members only" section of AWC's website. The trial court did not err by finding that the e-mails were not responsive to West's February 9 request.

West's arguments to the contrary are not persuasive. He contends that the e-mails are responsive because the conference concerned open government laws and Armstrong was a sponsor of the bills specified in the February 9 request. But the e-mails about the conference did not relate to legislation, lobbying, or even the substance of the conference, and the conference

5

took place months before any of the bills were even introduced. Further, the fact that Armstrong was a sponsor of the bills does not mean that every e-mail to him necessarily involved the bills. These e-mails, which were the product of a separate records search by AWC, were not responsive to West's February 9 request, and we affirm the trial court.

III.    DECEMBER 1 LOG

West next argues that the trial court erred by finding that the exemption log produced on December 1 was not responsive to his February 9 request. We disagree. The trial court stated that it was "quite apparent" from the December 1 log that it was not related to West's February 9 request but to another request that West had renewed in March. Report of Proceedings at 32. The letter accompanying the log stated that it was related to his request for communications to and from the cities of Olympia and Tumwater from February 2004-07. The log includes documents from as far back as 2006, well beyond the time frame of West's February 9 request. Considering this context, the trial court correctly found that the December 1 log was not responsive to West's February 9 request.

Three of the entries in the December 1 log do fall within the time frame of the February 9 request—June 2010 to February 2011. But AWC is correct that entries within the time frame are not automatically responsive to the request. The entries at issue are monthly statements to a law firm representing AWC. AWC argues that the statements are for legal services in another case involving West. West responds that, since the other case involved the PRA, these entries are responsive to his request. But his request was not as broad as he is now arguing it is. Bills for legal services related to a PRA request are not the same as "lobbying or correspondence concerning the Public Records Act . . . and any proposed alterations or amendments." CP at 50. We affirm the trial court's finding that the log is not responsive to the February 9 request.

6

IV.   ATTORNEY FEES

    A.   TRIAL

West argues that the trial court erred by awarding attorney fees to AWC for responding to West's motion for reconsideration. Because the trial court's decision to award fees under CR 11 was reasonably based on West's meritless motion for reconsideration, we affirm the attorney fee award.

We initially were unable to review the attorney fee award because the trial court did not enter any findings of fact or conclusions of law regarding attorney fees. Therefore, we entered an order directing the trial court to enter findings of fact and conclusions of law relating to its order awarding attorney fees. The trial court then entered findings of fact and conclusions of law stating that it awarded attorney fees under CR 11 because West's motion for reconsideration was meritless.

A court may impose sanctions under CR 11 if a party's filing is not well grounded in fact or not warranted by law or if it is filed for an improper purpose. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 217, 829 P.2d 1099 (1992) (quoting CR 11). "The purpose behind CR 11 is to deter *baseless* filings and to curb abuses of the judicial system." *Bryant*, 119 Wn.2d at 219. We review a trial court's decision to impose CR 11 sanctions to determine if the award was manifestly unreasonable or based on untenable grounds or reasons. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994); *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Here, West's motion for reconsideration under CR 59(a)(8) merely repeated his summary judgment argument and did not present any evidence of an error of law, as CR 59(a)(8) requires. The trial court concluded that West's motion failed to identify any grounds for reconsideration

and that it was meritless. Accordingly, under CR 11, the court awarded AWC "not less than $1,000"[6] in attorney fees for responding to West's meritless motion. CP at 485. We agree with the trial court that West's motion for reconsideration was meritless and failed to identify any errors of law. Instead, he merely repeated his argument that the Armstrong e-mails and the December 1 log were responsive to his February 9 request. The trial court's attorney fee award was not unreasonable and we affirm.

B. APPEAL

West requests attorney fees on appeal under RCW 42.56.550(4). This statute provides for the award of attorney fees to a person who prevails against an agency in a PRA action. RCW 42.56.550(4). Here, West does not prevail, and we do not award him attorney fees.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Hunt, J.

_____
Worswick, C.J.

---

[6] Although the exact amount of attorney fees awarded is not clear from the record on appeal, West contests the availability of attorney fees rather than the amount awarded.