
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 APR 28 AM 10: 27

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| REGINALD K. WREN and BRENDA M. WREN, husband and wife, | ) ) ) ) | No. 70205-0-I |
| Respondents, | ) ) | |
| v. | ) ) | |
| TAMMY S. BLAKEY, an unmarried person, and FLYING T RANCH, INC., a Washington corporation, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| RUSSELL JAMES JENSEN, a/k/a JAMIE JENSEN, | ) ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) ) | FILED: April 28, 2014 |

VERELLEN, A.C.J. — Attorney Russell Jensen appeals CR 11 sanctions imposed against him for knowingly violating court rules when filing an untimely summary judgment motion on behalf of his client. Because Jensen fails to establish any abuse of the trial court's broad discretion to impose sanctions, we affirm. Because Jensen's appeal is frivolous, we grant the respondents' request for fees on appeal. We also sanction respondents' counsel for violating rules of appellate procedure.

## FACTS

In March 2010, Reginald and Brenda Wren (Wren) filed an amended complaint to quiet title and for damages against Tammy Blakey and Flying T Ranch, Inc. (Blakey).

In October 2012, the administrator of the Snohomish County Superior Court notified the parties that a nonjury trial was set for February 12, 2013.

On January 11, 2013, Wren's counsel learned that the third party defendant had received a summary judgment motion from Blakey. The motion sought to dismiss Wren's claims and was to be set for hearing on February 15, 2013, three days after the pending trial date. That same day, Wren's counsel sent an e-mail message to Blakey's attorney, Russell Jensen, pointing out that the motion was "contrary to the provisions of CR 56(c)" and stating that he would request CR 11 sanctions if Jensen did not voluntarily strike the motion.[1]

On January 14, 2013, Jensen filed the Blakey motion for summary judgment with the February 15, 2013 hearing date.

On January 17, Wren filed a motion to strike the summary judgment motion and to impose CR 11 sanctions. Also on January 17, Jensen filed a motion to continue the trial date "to allow the court to hear the defendants' motion for summary judgment and to allow the defendants to obtain" overdue discovery responses.[2] Jensen e-mailed Wren's counsel that either the motion to continue the trial will be granted and the motion for summary judgment would not be untimely "or it will be disapproved and I will dismiss my summary judgment motion."[3]

---

[1] Clerk's Papers at 188.

[2] Id. at 169.

[3] Respondent's Br. at App. 2.

2

On January 25, the court denied Blakey's motion to continue the trial. After a separate hearing on the same day, another judge denied Blakey's motion for summary judgment and granted Wren's motion for CR 11 sanctions.

On February 13, the court entered written findings of fact and conclusions of law supporting its order striking the summary judgment motion and imposing sanctions in the amount of $3,246.75 against Jensen, Blakey's attorney. The trial court found that Jensen was aware of the trial date and "knew or should have known of the requirements of CR 56(c)" when he filed the summary judgment motion and noted the hearing "contrary to the provisions of CR 56(c)."[4] The court also determined that CR 11 sanctions were warranted because Jensen had no basis in fact or law to file the motion without complying with the provisions of CR 56(c). The court struck the motion and imposed sanctions against Jensen.[5]

On March 12, the court granted Blakey's motion for CR 54(b) certification and entered judgment against Jensen in the amount of the sanctions.

Jensen appeals.

## ANALYSIS

CR 11 permits a court to impose a sanction, including attorney fees, when a filing is (1) not well grounded in fact or unwarranted by existing law, and (2) the attorney signing the filing has failed to conduct a reasonable inquiry into the factual or legal basis

---

[4] Clerk's Papers at 16-17.

[5] The court also ordered that "the Defendant may renote the Motion for Summary Judgment provided she complies with the provisions of CR 56." Clerk's Papers at 18.

of the filing.[6] The reasonableness of an attorney's inquiry is evaluated by an objective standard, that is, "whether a reasonable attorney in like circumstances could believe his or her actions to be factually and legally justified."[7] The imposition of CR 11 sanctions does not constitute a judgment on the merits of the action but is a determination of the collateral question of whether the attorney has abused the judicial process.[8]

We review a trial court's order to pay attorney fees under CR 11 for an abuse of discretion.[9] Unchallenged findings are verities on appeal.[10]

Jensen claims that the trial court erred by imposing CR 11 sanctions when he filed a separate motion to continue the trial date to allow additional time for his summary judgment motion to be heard within the timeframe provided by CR 56(c). In essence, Jensen contends that his dual approach was a reasonable application of the court rules without prejudice to the other parties to the litigation. But he grossly oversimplifies the facts here and ignores the proper application of the court rules.

CR 56(c) requires summary judgment motions to "be filed and served not later than 28 calendar days before the hearing" and to "be heard more than 14 calendar days before the date set for trial unless leave of court is granted to allow otherwise." To the extent Jensen determined he had grounds for summary judgment, he should have sought leave of the court "to allow otherwise" by filing a motion to shorten time with his

---

[6] West v. Wash. Ass'n of County Officials, 162 Wn. App. 120, 135, 252 P.3d 406 (2011).

[7] Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 220, 829 P.2d 1099 (1992).

[8] Biggs v. Vail, 124 Wn.2d 193, 198, 876 P.2d 448 (1994).

[9] Id. at 197.

[10] Cowiche Canyon Conservatory v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

summary judgment motion.[11] When considering a motion to shorten time, a trial court considers whether the opposing party has ample notice and time to prepare before allowing a deviation from normal time limits.[12] But Jensen's approach presented Wren with the dilemma of preparing a response to the untimely summary judgment motion without having the benefit of the court's consideration of prejudice resulting from the shortened timeframe. This was unreasonable and inconsistent with the purpose of CR 56(c).

And Jensen did not file his separate motion for a trial continuance until a week after he had filed his summary judgment motion, and then only after Wren had advised Jensen of his CR 56(c) violation and filed a motion to strike. Jensen fails to offer any authority or reasonable argument to support his bald claim that his belated separate motion for a trial continuance was a legitimate substitute for actually requesting leave of the court to file and note an otherwise untimely summary judgment motion. Given the unchallenged findings here, we see no abuse of discretion in the trial court's decision to sanction Jensen's knowing violation of CR 56(c).[13]

Jensen argues that the trial court was required to make a finding of bad faith, citing State v. S.H.[14] But S.H. is limited to the court's exercise of its inherent authority to

---

[11] Similarly, to the extent Wren's failure to provide timely discovery responses delayed his ability to prepare his motion for summary judgment, Jensen should have pursued CR 37 remedies.

[12] See State ex rel. Citizens v. Murphy, 151 Wn.2d 226, 236, 88 P.3d 375 (2004) (trial court has discretion to shorten time as long as there is ample notice and time to prepare).

[13] Jensen does not assign error to the amount of the sanctions.

[14] 102 Wn. App. 468, 473, 8 P.3d 1058 (2000).

impose sanctions. Here, the trial court relied upon CR 11 rather than the court's inherent authority. Jensen provides no authority that a finding of bad faith is required for the imposition of CR 11 sanctions.

Wren claims Jensen's appeal is so devoid of merit that he is entitled to an award of attorney fees for being required to respond to a frivolous appeal.[15] An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal."[16] Given Jensen's failure to challenge the trial court's findings of fact and the lack of relevant authority or reasonable argument to support his claims regarding the trial court's decision to impose sanctions, that standard is satisfied here. Therefore, we award attorney fees and costs to Wren as a sanction against Jensen for this frivolous appeal, subject to Wren's compliance with RAP 18.1.[17]

In his reply brief, Jensen requests for the first time an award of attorney fees, claiming that Wren has violated the rules of appellate procedure in various ways. Because Jensen did not prevail and his appeal is frivolous, we deny his request for attorney fees on appeal. However, Jensen correctly identifies references in Wren's brief to matters outside the record on appeal, so we grant Jensen's motion to strike the improper references.

---

[15] RAP 18.9(a).

[16] In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).

[17] This award does not include the sanctions imposed below solely against Wren's counsel.

Wren's counsel cited an unpublished appellate decision from this court in violation of GR 14.1(a) in an unveiled attempt to discredit Jensen. We impose sanctions of $500 solely against Wren's counsel, payable to the registry of this court.[18]

Affirmed.

WE CONCUR:

_____

_____
Becker, J.

---

[18] RAP 10.7; RAP 18.9(a).